STATE OF NORTH CAROLINA v. PHYLLIS VANESSA BLACK

No. 8020SC1117

(Filed 5 May 1981)

Constitutional Law § 40– right to counsel – failure to find counsel made available to defendant

There was no merit to the State's argument that, since defendant was not imprisoned but rather was given a suspended sentence, she was not entitled to counsel at her trial and, since she was provided with the opportunity to have a lawyer at the time she faced imprisonment at the probation revocation hearing, no error was committed; therefore, the case must be remanded for a hearing to determine whether defendant was represented by counsel at her trial, and, if not, whether she was indigent and entitled to have counsel appointed, or whether she waived the right to have assigned counsel.

APPEAL by defendant from *Britt (Samuel E.), Judge.* Judgment entered 22 September 1980 in Superior Court, UNION County. Heard in the Court of Appeals 31 March 1981.

Defendant pleaded guilty to shoplifting on 24 November 1975 and was sentenced to six months imprisonment. This sentence was suspended, and she was fined $100 and placed on probation for twelve months. Two of the conditions of probation were that she not change her residence without written consent of her probation officer, and that she pay her fine of $100 and costs of $25. The order expressly provided that at any time within the period of her probation, the trial court could impose the judgment and sentence it could have imposed originally.

On 12 May 1976 a warrant issued for the defendant for failure to comply with the condition of probation requiring her to pay the fine and costs. This warrant was returned unserved because defendant had moved out of Union County and could not be located. A Violation Report was filed 6 August 1980, and on 11 August 1980 defendant waived her right to have assigned counsel. At the probation revocation hearing the court revoked

the suspension of her earlier sentence and ordered that she be imprisoned for six months. Defendant appealed this order to Superior Court and following another waiver of counsel and hearing, her probation was revoked and the suspended sentence activated. Defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Joan H. Byers, for the State.*

*Robert L. Huffman for defendant appellant.*

ARNOLD, Judge.

Defendant contends the trial court erred by failing to remand the matter to the district court for a new trial due to the failure of the district court judge who initially heard the case either to appoint counsel for the defendant or to have defendant execute a waiver of right to have assigned counsel.

The record does not indicate whether defendant was represented by retained counsel, whether she executed an affidavit of indigency and was given or refused court-appointed counsel, or whether she waived the right to have assigned counsel.

The State argues that the burden of proof is on the defendant to prove her inability to employ counsel at the time she was convicted, and that since defendant did not meet this burden at the trial level the conviction should be presumed valid and defendant's right to appeal deemed waived. In support of its argument the State relies on this Court's decisions in *State v. Atkinson,* 39 N.C. App. 575, 251 S.E. 2d 677 (1979), and *State v. Vincent,* 35 N.C. App. 369, 241 S.E. 2d 390 (1978). Both of these cases involved defendants who were challenging the use of prior uncounseled convictions for impeachment purposes at their current trials. We are unpersuaded that the same principles apply to a case such as this one, where defendant is challenging a conviction for which she is currently being punished rather than the collateral use of a past conviction. We find therefore that this issue is properly before the Court, and, accordingly, we now address the issue of whether she was entitled to counsel at her trial.

The Sixth and Fourteenth Amendments require that no indigent criminal defendant be sentenced to a term of imprisonment unless the state has afforded him the right to assistance

of appointed counsel in his defense. *Scott v. Illinois*, 440 U.S. 367, 59 L. Ed. 2d 383, 99 S.Ct. 1158 (1979); *Argersinger v. Hamlin*, 407 U.S. 25, 32 L.Ed. 2d 530, 92 S.Ct. 2006 (1972).

The State argues that as the defendant was not imprisoned but rather was given a suspended sentence, she was not entitled to counsel at her trial and, since she was provided with the opportunity to have a lawyer at the time she faced imprisonment at the probation revocation hearing, no error was committed. Reluctantly, we must disagree. *Scott v. Illinois, supra,* did not hold that an attorney was not required where a sentence was suspended. Instead it held that appointment of counsel was not required in every case in which imprisonment, though not imposed, was an authorized penalty. While *Scott* appears to hold that actual imprisonment is the constitutional line for the appointment of counsel, rather than just the imposition of a sentence of imprisonment subsequently suspended, that is not the issue presented in the case *sub judice.* Defendant has actually been imprisoned as a result of her probation revocation and the activation of her suspended sentence.

The United States Supreme Court recently held in *Baldasar v. Illinois*, 446 U.S. 222, 64 L.Ed. 2d 169, 100 S.Ct. 1585 (1980), that though a prior uncounseled conviction may be valid because the defendant was only fined and sentenced to one year's probation, it could not be used collaterally to impose an increased term of imprisonment upon a subsequent conviction. The principles in support of this holding apply even more strongly to the present defendant's case. Her conviction is not being used collaterally, but directly to impose a term of imprisonment. If she was indigent and not provided with counsel at her trial, the fact that she was afforded the opportunity to have counsel at her probation revocation hearing could not undo the damage previously done.

Accordingly, this case is remanded for a hearing in order to determine whether defendant was represented by counsel at her trial, and, if not, whether she was indigent and entitled to have counsel appointed, or whether she waived the right to have assigned counsel. If defendant was not represented by counsel and she can establish her indigency at the time of her trial, then she is entitled to a new trial. If at this hearing it is found that she was represented by counsel or waived her right

---

---

to such representation, or, if she cannot establish that she was an indigent at the time of her trial, the order of the trial court is affirmed since we have found no other errors.

Remanded.

Judges HEDRICK and WEBB concur.