STATE OF NORTH CAROLINA v. TOMMY LEE NEELEY

No. 259PA82

(Filed 7 December 1982)

1. **Constitutional Law § 40— procedure for raising rights to counsel claim when receive suspended sentence**

    When a court activates a suspended prison sentence, defendant may, upon appeal of such activation, raise the claim that he was unconstitutionally denied counsel at his original trial.

2. **Constitutional Law § 40— right to counsel—record silent as to whether defendant indigent—active prison sentence improper**

    Where the record is completely silent as to whether the defendant was indigent, whether he knew he had a right to counsel or whether he made a knowing waiver of his right to counsel, the trial judge should not have imposed an active prison sentence upon the defendant.

ON defendant's petition for discretionary review of the decision of the Court of Appeals, 57 N.C. App. 211, 290 S.E. 2d 727 (1982) (opinion by *Robert Martin, J.*, with *Vaughn, J.* and *Arnold, J.*, concurring), affirming the order of *Long, J.*, entered 10 April 1981 which revoked the suspension of defendant's six months prison sentence.

Defendant seeks to vacate the judgment entered 10 April 1981 by Judge Long which activated a six months prison sentence. Defendant contends the Superior Court could not impose an active sentence on him since the conviction on which the sentence is based is constitutionally invalid. This contention is based on an indigent defendant's constitutional right to appointed counsel which defendant claims he was denied.

On 7 September 1979 defendant pleaded guilty to unlawfully and willfully neglecting and refusing to provide adequate support for his child, Patricia Faye Hamilton, in violation of G.S. § 14-322. The arrest warrant alleges neither that defendant is the child's father nor that he is the husband of the child's mother. There is no indication in the record of this guilty plea whether defendant was represented by counsel, whether defendant was indigent or whether defendant made a knowing and intelligent waiver of counsel. Pursuant to his guilty plea defendant was sentenced to six months in prison. However, the sentence was suspended for five years upon the fulfillment of several conditions, one of which was the payment of twenty-five dollars a week for the support of Patricia Faye Hamilton.

On 23 January 1981 defendant's probation officer issued a violation report charging defendant with violating the terms of his probation by failing to make payments aggregating $685.00. On 11 February 1981, in the District Court of Wilkes County, Osborne, D.J., ordered that defendant's probation be revoked and that defendant begin serving an active six months prison term. Defendant appealed to Superior Court of Wilkes County for a hearing *de novo* which was held 10 April 1981. Long, J., found defendant in violation of the conditions of his probation, revoked the suspension of defendant's sentence and ordered defendant to begin serving his six months prison sentence.

From the order of Judge Long defendant appealed to the Court of Appeals. Defendant argued that the Superior Court

erred in revoking the suspension of his sentence for nonsupport because there was nothing in the record of his guilty plea to show whether the defendant was indigent, whether he was represented by counsel, or whether he made a knowing and intelligent waiver of counsel. In upholding the active prison sentence given defendant, the Court of Appeals felt that the defendant was improperly attempting to collaterally attack the underlying judgment of 7 September 1979. The Court of Appeals directed defendant to file a motion for appropriate relief pursuant to G.S. § 15A-1411 *et seq.* On 17 May 1982 defendant filed in this Court both a motion for appropriate relief and a petition for discretionary review. We granted defendant's petition for discretionary review 2 June 1982.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Henry T. Rosser, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender James H. Gold, for defendant-appellant.*

COPELAND, Justice.

Defendant's petition for discretionary review presents two questions for review by this Court. The first question to be considered concerns the resolution of a conflict between the Court of Appeals' opinion in this case and its opinion in *State v. Black,* 51 N.C. App. 687, 277 S.E. 2d 584 (1981), *cert. denied,* 303 N.C. 546 (1981). That conflict concerns a determination of the proper procedure for raising a constitutional claim of right to counsel at a trial where the defendant received a suspended prison sentence in a case where the defendant does not challenge the sentence until the suspension is revoked and an active sentence imposed. We believe the sounder position is to follow the *Black* decision which allows the defendant to raise his right to counsel claim after the prison sentence has become active. The second question to be considered is whether the defendant is entitled to appointed counsel in a case where he receives a prison sentence which is suspended and later becomes active. In such a circumstance we feel an indigent defendant must have been afforded appointed counsel to represent him during the original trial.

[1] In *State v. Black,* 51 N.C. App. 687, 277 S.E. 2d 584 (1981), *cert. denied,* 303 N.C. 546 (1981), the Court of Appeals correctly

determined that the defendant properly appealed from the activation of his prison term and the denial of his Sixth Amendment right to counsel during his original trial.

In that case, as in the one *sub judice*, the defendant's suspended prison sentence was ordered activated. We therefore emphasize that this opinion only addresses those circumstances in which a defendant seeks to challenge the validity of an original uncounseled prison sentence at a later time when the prison sentence is activated. Thus, when a court activates a suspended prison sentence, defendant may, upon appeal of such activation, raise the claim that he was unconstitutionally denied counsel at his original trial. As a result, the appeal in this case was properly before the Court of Appeals on the issue of the right to appointed counsel under the Sixth and Fourteenth Amendments of the Constitution of the United States.

The Supreme Court of the United States has held that it is unconstitutional to impose an active prison sentence on an indigent defendant who has not been afforded appointed counsel. "[N]o person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." *Argersinger v. Hamlin*, 407 U.S. 25, 37, 92 S.Ct. 2006, 2012, 32 L.Ed. 2d 530, 538 (1972). Seven years later in *Scott v. Illinois*, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed. 2d 383 (1979), the Supreme Court reiterated its position in *Argersinger* by stating that the central premise of *Argersinger* was, "that *actual imprisonment* is a penalty different in kind from fines or the mere threat of imprisonment . . ." *Scott v. Illinois*, 440 U.S. at 373, 99 S.Ct. at 1162, 59 L.Ed. 2d at 389. (Emphasis added.) In *Scott* the Court expressly rejected the contention that a state must provide counsel whenever imprisonment is an authorized penalty and stated that the central premise of *Argersinger*, "is. eminently sound and warrants adoption of actual imprisonment as the line defining the constitutional right to appointment of counsel." *Scott, supra*, 440 at 373, 99 S.Ct. at 1162, 59 L.Ed. 2d at 389.

In a recent decision, we pointed out, "[T]hat due process *presumptively* requires the appointment of legal counsel to represent an indigent defendant *if* his *actual* imprisonment, or comparable confinement, is a likely result in the *present* proceeding

concerned." *Carrington v. Townes*, 306 N.C. 333, 335, 293 S.E. 2d 95, 97 (1982). (Original emphasis.) It is clear from our decision in *Carrington v. Townes* and the decisions of the United States Supreme Court in *Argersinger* and *Scott v. Illinois*, that the evil which must be avoided is the imprisonment of an indigent defendant who has not been afforded appointed counsel.

[2]  We now address the second issue raised by this appellant as to whether he was entitled to court appointed counsel at the time he pled guilty to failure to support his minor child. There is no doubt that whenever a party receives an active prison sentence, no matter how short, he must be afforded the opportunity to have counsel represent him. "[A]bsent a knowing and intelligent waiver, no person may be imprisoned for *any* offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." *Argersinger v. Hamlin*, 407 U.S. 25, 37, 92 S.Ct. 2006, 2012, 32 L.Ed. 2d 530, 538 (1972). (Emphasis added.)

In a 1979 decision, previously cited, the United States Supreme Court applied the *Argersinger* rule to indigent defendants and stated, "[T]he Sixth and Fourteenth Amendments to the United States Constitution require only that no *indigent criminal defendant* be sentenced to a term of imprisonment unless the State has *afforded* him the right to assistance of appointed counsel in his defense." *Scott v. Illinois*, 440 U.S. 367, 373, 99 S.Ct. 1158, 1162, 59 L.Ed. 2d 383, 389 (1979). (Emphasis added.) In recognition of the United States Supreme Court's decisions in *Argersinger and Scott*, this Court held in a recent decision, "[T]hat due process *presumptively* requires the appointment of legal counsel to represent an indigent defendant *if* his *actual* imprisonment, or comparable confinement, is a likely result in the *present* proceeding concerned." *Carrington v. Townes*, 306 N.C. 333, 335, 293 S.E. 2d 95, 97 (1982). (Original emphasis.)

The mandate of this Court and the United States Supreme Court in *Argersinger* could not be clearer. In *Argersinger* the United States Supreme Court, with *no* dissenting opinion, said, "Under the rule we announce today, every judge will know when the trial of a misdemeanor starts that no imprisonment may be imposed, even though local law permits it, unless the accused is represented by counsel." *Argersinger v. Hamlin*, 407 U.S. at 40,

92 S.Ct. at 2014, 32 L.Ed. 2d at 540.[1] Therefore, if the crime for which the defendant is charged carries a possible prison sentence of any length, the judge may not impose an active prison sentence on the defendant unless defendant has been afforded the opportunity to have counsel represent him.

In the case *sub judice* the record is completely silent as to whether the defendant was indigent, whether he knew he had a right to counsel or whether he made a knowing waiver of his right to counsel. In fact the record does not even indicate whether defendant was asked any questions whatsoever. As a result we cannot determine that defendant waived his right to counsel at the time he pled guilty to failure to support his minor child. "Waiver of counsel may not be presumed from a silent record." *State v. Morris*, 275 N.C. 50, 59, 165 S.E. 2d 245, 251 (1969); See also, *Carnley v. Cochran*, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed. 2d 70 (1962).

The defendant, if he is to be imprisoned, is entitled to counsel even though he pleads guilty regardless of the fact that he was not convicted after a full trial. We find guidance for this very proposition in *Argersinger*, where the Court stated:

> Beyond the problem of trials and appeals is that of the *guilty plea*, a problem which looms large in misdemeanor as well as felony cases. Counsel is needed so that the accused may know precisely what he is doing, so that he is fully aware of the prospect of going to jail or prison, and so that he is treated fairly by the prosecution.

*Argersinger v. Hamlin*, 407 U.S. at 34, 92 S.Ct. at 2011, 32 L.Ed. 2d at 536. (Emphasis added.) In this case had defendant been afforded legal counsel he may very well have decided not to plead guilty.

Whether assistance of counsel would have made a difference is speculative and non-determinative on the issue of defendant's constitutional right to assistance of counsel. The rule of law on this issue has been expressly addressed by the United States

---

1. The rule of *Argersinger* has been codified by our legislature in G.S. 7A-451 (a)(1) which provides: An indigent person is entitled to services of counsel in . . . any case in which imprisonment, or a fine of five hundred dollars ($500.00), or more, is likely to be adjudged.

Supreme Court, by this Court, and by our legislature through G.S. 7A-451(a)(1). If a trial judge is prepared to impose an active prison sentence on an indigent defendant he must be sure that defendant is afforded appointed counsel. If an indigent defendant is not afforded appointed counsel he may not be given an active prison sentence. In this case where the record is silent on whether defendant was afforded counsel, the trial judge should not have imposed an active prison sentence upon the defendant.

We therefore vacate defendant's guilty plea and six months prison sentence. We also deny defendant's motion for appropriate relief because it is moot. The decision of the Court of Appeals is reversed and the cause is remanded to that court with instructions to remand to the Superior Court, Wilkes County, for a new trial.

Reversed and remanded.