STATE OF NORTH CAROLINA v. WILLIAM E. BARNES

No. 832SC127

(Filed 6 December 1983)

**Criminal Law § 143.4— revocation of probation—record silent on indigency and counsel—active prison sentence improperly imposed**

    Where the record is completely silent as to whether the defendant was indigent, whether the defendant knew he had a right to counsel and whether he made a knowing waiver of his right to counsel at his original trial, the trial judge should not have imposed an active prison sentence after revocation of a judgment of probation.

APPEAL by defendant from *McLelland, Judge.* Judgment entered 5 November 1982 in Superior Court of MARTIN County. Heard in the Court of Appeals 18 October 1983.

*Attorney General Rufus L. Edmisten by Assistant Attorney General Steven F. Bryant for the State.*

*J. Melvin Bowen for defendant appellant.*

HILL, Judge.

Defendant appeals revocation of a judgment of probation and the imposition of an active sentence. It appearing on appeal that the record is completely silent as to whether the defendant was indigent, whether the defendant knew he had a right to counsel and whether he made a knowing waiver of his right to counsel at his original trial, the trial judge should not have imposed an active prison sentence. *State v. Neeley*, 307 N.C. 247, 297 S.E. 2d 389 (1982). We therefore vacate the judgment entered at the 29 April 1981 Criminal Session of the District Court of Martin County and twelve months prison sentence. The cause is remanded to the District Court of Martin County for a new trial.

We feel we are bound in our decision by *State v. Neeley, supra.* Nevertheless, we endorse the premise that where a defendant stands silent and does not inform the trial judge of his indigency and lack of knowledge of his right to counsel at any hearing, he deprives the trial division of the opportunity to pass on the constitutional question and should be properly precluded from raising the issue on appeal. *See State v. Thompson*, 309 N.C. 421, 307 S.E. 2d 156 (1983).

Reversed and remanded.

Judges ARNOLD and BRASWELL concur.