STATE OF NORTH CAROLINA v. EDDIE DEAN BAKER

No. 8523SC231

(Filed 15 October 1985)

**Constitutional Law § 49— waiver of counsel—failure to check one statement on form**

The trial judge's failure to make a check mark on a waiver of counsel form opposite the statement that defendant "executed the above waiver in my presence after its meaning and effect have been fully explained to him" did not invalidate defendant's waiver of counsel where the record clearly states that defendant was duly advised of his right to counsel and voluntarily chose not to exercise it, both the judge and the defendant signed the waiver form, and nothing in the record supports the idea that the explanations required by law were not duly made by the judge and understood by defendant.

APPEAL by defendant from *Rousseau, Judge.* Order entered 8 October 1984 in Superior Court, ASHE County. Heard in the Court of Appeals 26 September 1985.

*Attorney General Thornburg, by Senior Deputy Attorney General William W. Melvin, for the State.*

*Appellate Defender Stein, by Assistant Appellate Defender Robin E. Hudson, for defendant appellant.*

PHILLIPS, Judge.

Defendant appeals from an order invoking suspended sentences of 6 months and 1 month in jail. The jail sentences, imposed by the Ashe County District Court on 13 September 1984 following defendant's conviction of drunk and disruptive conduct, G.S. 14-444, and communicating threats, G.S. 14-277.1, were suspended for five years on condition that he neither possess nor consume any alcoholic beverage during that time. The same day the sentences were imposed defendant walked into the office of the Ashe County Sheriff in an intoxicated condition carrying three cans of beer in a paper bag. The Sheriff reported the incident to the court and the next day, after a hearing, the District Court revoked the suspension and put the jail terms in effect. Defendant appealed the revocation to the Superior Court and following a *de novo* hearing Judge Rousseau also activated the suspended jail terms.

The question presented for our determination is not whether defendant violated the conditions of the suspended sentences, but is whether the sentences were lawfully imposed in the first place. Defendant contends that the sentences were not lawfully imposed because he was denied the assistance of court-appointed counsel when he was tried, convicted and sentenced in the District Court. As he correctly points out *State v. Neeley*, 307 N.C. 247, 297 S.E. 2d 389 (1982) is authority for the proposition that the activation of a suspended sentence can be challenged on the grounds that the defendant's right to counsel was denied when sentence was imposed. But in this case defendant's right to counsel was not denied in the District Court and we affirm the invocation of the jail terms. The record shows that defendant lawfully waived his right to the assistance of court-appointed counsel; it shows that he signed the standard waiver form, under oath, thereby declaring that he did so voluntarily with knowledge of the charges and the possible punishment for them; and it also shows that the judge signed the certificate thereon, thereby certifying that the procedures required were followed. The only deficiency in the entire process, according to the record, is that the judge did not make a check mark on the form opposite the statement that defendant "executed the above waiver in my presence after its meaning and effect have been fully explained to him." This deficiency, obviously a mere clerical oversight, does not invalidate the waiver. Nothing in the record supports the idea that the explanations required by law were not duly made by the judge and understood by the defendant. That both the judge and the defendant signed the form, the latter under oath, strongly indicates that the requisites were duly complied with. Defendant's reliance upon *State v. Neeley, supra* is misplaced. In that case the record as to the defendant's purported waiver of his right to counsel was completely silent; while in this case the record clearly states that defendant was duly advised of his right to counsel and knowingly and voluntarily chose not to exercise it.

The only other assignment of error brought forward is for the court excluding testimony by the defendant concerning his representation by counsel when the suspended sentences were imposed. This assignment is also overruled. All that the record shows in this regard is that: When counsel asked defendant whether he had an attorney "when you were tried originally

before Judge Ferree," the State's objection to the question was sustained by the court. No other questions on that subject were asked by defense counsel and no offer of proof was made pursuant to the provisions of Rule 43(c), N.C. Rules of Civil Procedure. Since the record does not show what defendant's testimony would have been, we have no basis for concluding that excluding it was either error or prejudicial. *Currence v. Hardin*, 296 N.C. 95, 249 S.E. 2d 387 (1978).

Affirmed.

Judges WEBB and JOHNSON concur.