STATE OF NORTH CAROLINA v. CRAVEN CLARENCE HOUGH

No. 827SC493

(Filed 1 March 1983)

**1. Criminal Law § 138— Fair Sentencing Act—aggravating factor that armed with deadly weapon proper**

In a sentencing hearing following a plea of guilty to the charge of second degree murder, the trial court properly found as an aggravating factor that defendant was armed with or used a deadly weapon at the time of the crime since the evidence presented at defendant's sentencing hearing showed that defendant, without excuse or mitigating circumstances, intentionally shot the deceased four times, once in the right upper chest, once in the right upper abdomen and twice in the back, and since the number of shots and manner of the shooting gave rise to an inference of malice. Therefore, defendant's use of the deadly weapon in this case was not necessary to prove the element of malice. G.S. 15A-1340.4(a)(1).

2. **Criminal Law § 138— sentencing hearing—consideration of prior convictions proper**

> In a sentencing hearing following defendant's plea of guilty to the charge of second degree murder, the trial court did not err in considering as an aggravating factor defendant's prior convictions which were not related to the crime of second degree murder. G.S. 15A-1340.3.

APPEAL by defendant from *Allsbrook, Judge.* Judgment entered 22 January 1982 in Superior Court, NASH County. Heard in the Court of Appeals 15 November 1982.

Defendant entered a plea of guilty to the charge of second degree murder. From a judgment imposing a sentence of twenty-five years, defendant appeals. Defendant appeals under G.S. 15A-1444 for review of his sentence which he contends is not supported by evidence introduced at the sentencing hearing.

*Attorney General Edmisten, by Special Deputy Attorney General Ann Reed, for the State.*

*Moore, Diedrick, Whitaker & Carlisle, by Joseph M. Hester, Jr., for defendant appellant.*

JOHNSON, Judge.

Evidence at the sentencing hearing tends to show that on 1 November 1981, the defendant, after having been ordered to move out of the mobile home of David Perry, returned with a .22 caliber pistol and without excuse or mitigating circumstance, intentionally shot David Perry four times. Perry died as a result of the gunshot wounds. There had been no argument between defendant and Perry; nor were there any hard feelings between them. Defendant has a prior conviction for trespass, felonious possession of marijuana, felonious breaking, entering and larceny.

After accepting defendant's guilty plea and conducting a sentencing hearing, the trial judge found the following aggravating factors:

1. The defendant was armed with or used a deadly weapon at the time of the crime.

2. The defendant has a prior conviction or convictions for criminal offenses punishable by more than 60 days confinement.

The trial judge then found that the factors in aggravation outweigh factors in mitigation and imposed an active sentence of twenty-five years.

[1] Defendant contends that the trial court erroneously found the two aggravating factors and, therefore, he was entitled to have the court impose the presumptive sentence of fifteen years. Defendant first argues that the trial court, in finding in aggravation that defendant was armed with or used a deadly weapon at the time of the crime, used evidence necessary to prove an element of the offense of second degree murder in violation of G.S. 15A-1340.4(a)(1) which states in relevant part, that "[e]vidence necessary to prove an element of the offense may not be used to prove any factor in aggravation."

Murder in the second degree is defined as the unlawful killing of a human being with malice, but without evidence of premeditation and deliberation. *State v. Jenkins*, 300 N.C. 578, 268 S.E. 2d 458 (1980).

Defendant contends the record is devoid of any evidence that there existed any ill will, hatred or spite between defendant and deceased and, therefore, under the facts of this case, it is the very use of the deadly weapon that provides the *only* proof of the element of malice. Defendant properly contends that malice may be implied from the use of a deadly weapon. *State v. Foust*, 258 N.C. 453, 128 S.E. 2d 889 (1963). However, defendant's contention that in the absence of evidence of ill will, hatred or spite the element of malice in this case can *only* be proved against the defendant by the presumption of malice arising out of the use of the deadly weapon is untenable.

It is well settled that malice exists as a matter of law whenever there has been an unlawful and intentional homicide without excuse or mitigating circumstance. *State v. Moore*, 275 N.C. 198, 166 S.E. 2d 652 (1969); *State v. Potter*, 295 N.C. 126, 244 S.E. 2d 397 (1978); *State v. Jenkins, supra.* In addition, malice may be implied from circumstances other than the use of a deadly weapon and may be implied from the act of the defendant. *State v. Mapp*, 45 N.C. App. 574, 264 S.E. 2d 348 (1980); *State v. Periman*, 32 N.C. App. 33, 230 S.E. 2d 802 (1977).

Evidence presented at defendant's sentencing hearing shows that defendant, without excuse or mitigating circumstance, inten-

tionally shot the deceased four times; once in the right upper chest, once in the right upper abdomen and twice in the back. The number of shots and manner of the shooting give rise to an inference of malice. Notwithstanding the lack of evidence of ill will, hatred or spite or the lack of presumptive malice arising from the use of a deadly weapon, malice existed as a matter of law from the evidence presented that defendant, without excuse or mitigating circumstances, unlawfully and intentionally shot the deceased. *State v. Moore, supra; State v. Potter, supra; State v. Jenkins, supra.* The trial judge could properly infer the presence of malice from the circumstances and acts of the defendant. Defendant's use of the deadly weapon in this case was not necessary to prove the element of malice. Defendant's assignment of error is without merit.

[2] Defendant next contends that it was error for the trial court to consider defendant's prior convictions (trespass, felonious possession of marijuana, felonious breaking, entering and larceny) as a basis for imposing a sentence greater than the presumptive sentence of fifteen years. Defendant concedes that pursuant to Article 81A of Chapter 15A of the North Carolina General Statutes, the trial court could consider defendant's previous convictions in determining the existence of an aggravating factor. However, defendant argues that his prior convictions were unrelated to the crime of second degree murder, show no propensity to commit crimes of violence and, therefore, the previous convictions were not reasonably related to the purpose of sentencing.

The issue of whether a defendant's prior conviction is related to the crime for which defendant is currently being sentenced does not determine if the trial court may consider the prior conviction in deciding whether to impose a sentence greater than the presumptive sentence. The statutory limitations restricting the trial court's consideration of a defendant's prior conviction are set forth in G.S. 15A-1340. None of those limitations prohibited the trial judge from considering defendant's prior convictions.

G.S. 15A-1340.3 states the purposes of sentencing as follows:

The primary purposes of sentencing a person convicted of a crime are to impose a punishment commensurate with the injury the offense has caused, taking into account factors that may diminish or increase the offender's culpability; to protect

the public by restraining offenders; to assist the offender toward rehabilitation and restoration to the community as a lawful citizen; and to provide a general deterrent to criminal behavior.

The trial court properly considered defendant's prior convictions and the sentence imposed is supported by the evidence introduced at the sentencing hearing.

We find

No error.

Judges ARNOLD and HILL concur.