STATE OF NORTH CAROLINA v. LONNIE DEAN KEATON

No. 8218SC724

(Filed 15 March 1983)

1. Homicide § 20.1— photographs of victim—harmless error

Even if the trial court erred in allowing the introduction of three photographs of a murder victim as he appeared before an autopsy to illustrate a detective's testimony, such error was harmless beyond a reasonable doubt in light of the overwhelming evidence of defendant's guilt.

2. Bills of Discovery § 6— defendant's oral statement—failure to disclose officer's notes

The trial court did not err in failing to suppress defendant's oral statement to a detective because the State did not inform him of the existence or contents of the detective's notes concerning the statement until the day of trial where defendant failed to file a motion to compel discovery pursuant to G.S. 15A-903(a)(2).

**3. Criminal Law § 98.2— failure to sequester witness during mother's testimony**

The trial court did not abuse its discretion in failing to sequester a 12-year-old witness for the defense during his mother's testimony as a witness for the State where the record contains no evidence that the minor witness's testimony was different as a result of hearing his mother testify.

**4. Arrest and Bail § 9.2— denial of bond pending appeal of murder conviction**

The trial court did not abuse its discretion in the denial of bond pending defendant's appeal of his second degree murder conviction in light of defendant's past criminal record, the circumstances surrounding the victim's death, and defendant's history of misconduct.

**5. Criminal Law § 138— second degree murder—aggravating factor—use of deadly weapon—element of offense**

In imposing a sentence upon defendant for second degree murder, the trial court erred in finding as an aggravating factor that defendant used a deadly weapon where there were no facts and circumstances indicating that the victim's death was unusually gruesome other than the fact that he died from gunshot wounds, since the necessary element of malice must have been inferred by the jury from the evidence that defendant intentionally shot the victim with a gun, and G.S. 15A-1340.4(a)(1) prohibits the use of evidence necessary to prove an element of the offense as an aggravating factor.

**6. Criminal Law § 138— prior convictions as aggravating factor—necessity for evidence as to counsel or waiver thereof**

The trial court erred in finding as an aggravating factor that defendant had prior convictions for criminal offenses punishable by more than 60 days confinement where there was no evidence as to whether defendant was represented by counsel or waived counsel with respect to the prior convictions as required by G.S. 15A-1340.4(e).

Judge HEDRICK concurs in the result.

APPEAL by defendant from *Davis, Judge.* Judgment entered 18 March 1982 in Superior Court, GUILFORD County. Heard in the Court of Appeals 18 January 1983.

Defendant was charged with first degree murder in the shooting death of Eddie A. Hawks. The State's evidence tended to show that as Hawks got out of his car and started towards Bob's Gas Town Lounge, the defendant called to him from his car which was parked in an alley beside the lounge, that Hawks turned towards defendant and started moving in that direction and that defendant fired three shots at Hawks, two of which hit him. Two of the State's witnesses, Hawks' girl friend and her twelve-year-old son, testified that Hawks was unarmed when he turned and started walking towards the defendant. The State also presented

testimony that Hawks had nothing in his hands at the time of the shooting. Another witness, a waitress at the lounge, testified that the defendant had left the lounge shortly before Hawks pulled into the lounge parking lot stating that he (defendant) was "going to get some shit straight."

Defendant testified that he had left the lounge so that he would not be there when Hawks came back because defendant was expecting trouble from Hawks. He stated that when he had seen Hawks at the lounge earlier on the same day, Hawks had said to defendant that he was going to cut defendant's head off. Defendant stated that as he was leaving the lounge to avoid Hawks, Hawks called to him and started walking towards him. Thinking that Hawks had something in his hand, defendant fired at him three times.

Defendant was convicted of second degree murder and sentenced to twenty-five years imprisonment. From the judgment entered pursuant to that verdict, defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General David Roy Blackwell, for the State.*

*Janine W. Cutcher, for defendant-appellant.*

EAGLES, Judge.

[1] During defendant's trial, the State was permitted to introduce into evidence three photographs of the victim as he appeared before the autopsy to illustrate Detective Davis' testimony. Defendant's first assignment of error maintains that this evidence was not relevant to any issue before the court and its introduction prevented defendant from receiving a fair and impartial trial.

Where, as here, neither the photo nor accompanying testimony was necessary to prove the State's case, claims of prejudice have been rejected previously. *See, State v. Temple,* 302 N.C. 1, 273 S.E. 2d 273 (1981); 1 Brandis, Brandis On North Carolina Evidence § 34 (2d rev. ed. 1982). Even if allowing the introduction of these three photographs were error, we hold that it was harmless error beyond a reasonable doubt in light of the overwhelming evidence of defendant's guilt presented at trial. *State v. Temple, supra.*

[2]   The defendant next argues that the trial court erred in failing to suppress defendant's alleged oral statement to a detective. Defendant maintains that he was denied a meaningful opportunity to prepare his defense because the State did not inform him of the existence or contents of the detective's notes concerning defendant's oral statement until the day of trial.

G.S. 15A-903(a)(2) provides:

(a) Statement of Defendant.— Upon motion of a defendant, the court must order the prosecutor:

.  .  .

(2) To divulge, in written or recorded form, the substance of any oral statement made by the defendant which the State intends to offer in evidence at the trial.

This court has previously held that defendant has the burden of making a written request for voluntary discovery *and* making a motion to compel discovery where voluntary discovery does not occur, before the State's duty arises to produce oral statements made by defendant. *State v. Lang,* 46 N.C. App. 138, 264 S.E. 2d 821 (1980). Defendant failed to file a motion pursuant to G.S. 15A-903(a)(2). Therefore, we find no merit in defendant's second assignment of error.

Furthermore, we find no prejudice in admission of the complained-of testimony at trial. Defendant had already stipulated, prior to trial, that he had intentionally shot the victim. He suffered little, if any, by the admission of Detective Davis' testimony that defendant had earlier denied that he had shot the victim.

[3]   Defendant also assigns as error the failure of the court to sequester a twelve-year-old witness for the defense during his mother's testimony as a witness for the State. A motion to sequester a witness is within the trial court's discretion and is reviewable only upon abuse. *State v. Royal,* 300 N.C. 515, 268 S.E. 2d 517 (1980). Because the record contains no evidence that the twelve-year-old's testimony was different as a result of his hearing his mother testify, we find no abuse of discretion on the part of the trial court.

[4] Defendant assigns as error the trial court's denial of bond pending appeal of his second degree murder conviction. We reject this assignment based on the language of G.S. 15A-536(a) which permits but does not require a judge to order release of a convicted defendant pending appeal. The matter of granting or denying post-trial bond is within the trial court's discretion. *State v. Sparks*, 297 N.C. 314, 255 S.E. 2d 373 (1979). Considering defendant's past criminal record, the circumstances surrounding Hawks' death, and defendant's history of misconduct, we find no abuse of discretion in the trial court's denial of defendant's request for bond pending appeal.

Finally, defendant maintains that his sentence of twenty-five years imprisonment for second degree murder was not supported by the evidence. The trial court found two aggravating and no mitigating factors and sentenced defendant to an additional ten years imprisonment beyond the presumptive sentence of fifteen years for second degree murder. The aggravating factors which the court considered were 1) the defendant used a deadly weapon at the time of the crime and 2) the defendant had prior convictions for criminal offenses punishable by more than 60 days confinement.

[5] We question the propriety of considering the "deadly weapon" factor in aggravation since G.S. 15A-1340.4(a)(1) provides that "[e]vidence necessary to prove an element of the offense may not be used to prove any factor in aggravation. . . ." *See State v. Melton*, 307 N.C. 370, 298 S.E. 2d 673 (1983), *State v. Thompson*, 60 N.C. App. 679, 300 S.E. 2d 29 (1983). Here the court had instructed the jury that

> Now, if the State proves beyond a reasonable doubt, or it is admitted that the defendant intentionally killed Eddie Hawks with a deadly weapon, or intentionally inflicted a wound upon Eddie Hawks with a deadly weapon that proximately caused his death, you may infer first that the killing was unlawful; second that it was done with malice.

> You may consider this along with all other facts and circumstances in determining whether the killing was unlawful and whether it was done with malice.

As there were no facts and circumstances indicating that Hawks' death was unusually gruesome, other than the fact that he died from gunshot wounds, the necessary element of malice

must have been inferred by the jury from the evidence that defendant intentionally shot Hawks with a gun.

[6]   In addition, the record is devoid of evidence as to whether defendant was represented by counsel or waived counsel with respect to the prior convictions as required by G.S. 15A-1340.4(e). *Id.* Waiver of counsel may not be presumed from a silent record. *State v. Neeley,* 307 N.C. 247, 297 S.E. 2d 389 (1982). We remand for resentencing based on the statutory prohibition forbidding the trial court to use as aggravating circumstances convictions in which the defendant was indigent and not represented by counsel, and on the apparent use as an aggravating factor evidence necessary to prove an element of the offense charged.

In the trial itself we find no error, but for the above reasons, we remand for resentencing.

Judge JOHNSON concurs.

Judge HEDRICK concurs in the result.