STATE OF NORTH CAROLINA v. CARDELL CATLETT LIPSCOMB

No. 8314SC236

(Filed 15 November 1983)

**1. Criminal Law § 102— argument to jury—no gross impropriety**

The prosecuting attorney's argument did not constitute gross impropriety likely to influence a jury verdict, and the trial judge did not abuse his discretion in allowing the prosecutor's argument.

**2. Criminal Law § 138— failure to list mitigating factors—no error**

It is not necessary for a trial judge to publish a list of his considerations and the disposition thereof in a sentencing hearing. It is only necessary, if the trial judge elects to vary the suggested term of punishment, that he set out in the judgment the factors shown by a preponderance of the evidence to be present and find: (a) that factors in aggravation outweigh factors in mitigation or factors in mitigation outweigh factors in aggravation; and (b) that the factors marked were proven by a preponderance of the evidence.

**3. Criminal Law § 138— second degree murder conviction—aggravating factor that deadly weapon used improperly considered**

In the sentencing hearing for a second degree murder conviction, the trial judge erred in finding as a factor in aggravation that the defendant was armed with or used a deadly weapon at the time of the crime. G.S. 15A-1340.4(a)(1).

APPEAL by defendant from *Herring, Judge.* Judgment entered 17 September 1982 in Superior Court, DURHAM County. Heard in the Court of Appeals 27 October 1983.

Cornelia Blassingame Martin died of a gunshot wound on 1 January 1982. Cardell Catlett Lipscomb, the defendant, turned himself in the same day. He was charged and convicted of second degree murder, and sentenced to twenty years imprisonment. He appeals.

*Attorney General Rufus L. Edmisten by Assistant Attorney General Robert R. Reilly for the State.*

*Jerry B. Clayton and Robert W. Myrick for defendant-appellant.*

HILL, Judge.

[1] Defendant in great detail attacks the arguments made to the jury by the prosecuting attorney, contending such arguments constituted prejudicial error. Defendant argues the prosecuting attorney unfairly accused the attorneys for the defendant of using subliminal suggestion, and that he argued evidence which had been excluded at trial along with evidence that had not been introduced at trial.

We have examined the record and briefs; and while portions of the argument may not be the epitome of closing argument, we nevertheless find no prejudicial error. It is elementary that counsel be allowed wide latitude in argument to the jury, in-

cluding the facts in evidence and all reasonable inferences to be drawn therefrom. *State v. Conner*, 244 N.C. 109, 92 S.E. 2d 668 (1956). Counsel for both sides may use language consistent with the facts in evidence to present each side of the case. *State v. Monk*, 286 N.C. 509, 212 S.E. 2d 125 (1975). Whether counsel abuses this privilege is a matter ordinarily left to the sound discretion of the trial judge, and we will not review the exercise of this discretion unless there exists such gross impropriety in the argument as would be likely to influence the verdict of the jury. *State v. Wortham*, 287 N.C. 541, 215 S.E. 2d 131 (1975). *State v. Covington*, 290 N.C. 313, 226 S.E. 2d 629 (1976). Applying the foregoing principles to the case under review, we hold that the prosecuting attorney's argument did not constitute gross impropriety likely to influence the jury verdict. This assignment of error fails to reveal prejudicial error for which the judgment below should be disturbed.

[2] In regard to the issue of whether defendant's sentence is supported by the evidence introduced at the sentencing hearing, the defendant complains the trial judge did not list all the mitigating factors which he alleges were provided the court for consideration. We do not find it necessary that the judge do so. The legislature has provided fifteen aggravating and fourteen mitigating factors to be specifically considered by the judge, together with an opportunity to consider in writing additional aggravating and mitigating factors. While the trial judge is required to consider all of the statutory aggravating and mitigating factors, it is not necessary that he publish a list of his considerations and the disposition thereof. *State v. Davis*, 58 N.C. App. 330, 293 S.E. 2d 658, *disc. rev. denied*, 306 N.C. 745, 295 S.E. 2d 482 (1982). It is only necessary, if the trial judge elects to vary the suggested term of punishment, that he set out in the judgment the factors shown, by a preponderance of the evidence, to be present and find: (a) that factors in aggravation outweigh factors in mitigation or factors in mitigation outweigh factors in aggravation; and (b) that the factors marked were proven by a preponderance of the evidence.

[3] However, since we find that the trial judge erred in making a finding in aggravation and imposed a prison term in excess of the presumptive sentence, we are obliged to remand this case for resentencing. *See State v. Ahearn*, 307 N.C. 584, 300 S.E. 2d 689

(1983). The court found, as a factor in aggravation, that the defendant was armed with or used a deadly weapon at the time of the crime. "Evidence necessary to prove an element of the offense may not be used to prove any factor in aggravation . . . ." G.S. 15A- 1340.4(a)(1). In this case the offense was second degree murder which was committed by the defendant shooting his victim with a gun. This Court has held that use of a deadly weapon was improperly considered as a factor in aggravation in second degree murder cases, on the ground that evidence thereof was essential to prove malice, an element of second degree murder. *State v. Gaynor*, 61 N.C. App. 128, 300 S.E. 2d 260 (1983); *State v. Keaton*, 61 N.C. App. 279, 300 S.E. 2d 471 (1983). An erroneous aggravating factor was used by the trial judge and a prison term in excess of the presumptive term imposed. Therefore, the case must be remanded for resentencing.

Remanded.

Judges HEDRICK and BECTON concur.