STATE OF NORTH CAROLINA v. BARBARA JEAN YOUNG

No. 834SC169

(Filed 6 March 1984)

1. **Parent and Child § 2.2— felonious child abuse—failure to instruct on misdemeanor child abuse error**

    In a prosecution for felonious child abuse under G.S. 14-318.4, the trial court erred in failing to submit an issue and instruct the jury with respect to misdemeanor child abuse under G.S. 14-318.2 where defendant placed her child in a hot bath and the child suffered skin burns covering 35-40% of her body, and where the State's evidence tended to show that she intended to injure the child while her evidence tended to show that she did not.

2. **Parent and Child § 2.2— child abuse—instructions erroneous**

    In a prosecution for felonious child abuse, the trial judge committed prejudicial error in charging the jury that if defendant placed her daughter in a tub with the knowledge that it was hot enough to "cause pain" and intended to cause her pain, "then that would be proof beyond a reasonable doubt of an intentional burning or scalding," since intending to cause a child *pain* is not tantamount to intending to scald, burn, or seriously injure a child.

3. **Criminal Law § 138— aggravating factors improperly considered**

    In a prosecution for felonious child abuse in which defendant placed her child in a hot tub causing burns, the record did not support the aggravating factor that the crime was especially heinous, atrocious, or cruel, and since the crime of which defendant was convicted was based on the relationship of parent and child, the court erred in considering as an aggravating factor that defendant took advantage of a position of trust and confidence which she held as a parent of the child. G.S. 15A-1340.4(a)(1).

APPEAL by defendant from *Bruce, Judge.* Judgment entered 25 June 1982 in Superior Court, ONSLOW County. Heard in the Court of Appeals 21 October 1983.

Defendant, after trial, was convicted of felony child abuse and sentenced to four years in prison. The child allegedly abused was defendant's fourteen month old daughter.

The State's evidence, the central portion of which was based on conversations that defendant had with two social workers and a deputy sheriff, tended to show that: During the middle of the night on the date charged defendant was awakened by the child, who had soiled herself and her crib because of diarrhea. Defendant got out of bed, ran water into the bathtub, found it was too hot, added some cold water, then bathed the child with a wash

rag for two or three minutes. When first placed in the water the child made some sounds, but then sat quietly until the bath was completed, after which defendant wrapped her in a towel and cleaned the crib. When the towel was removed skin from the child peeled off with it and defendant and her husband immediately took the child to the hospital emergency room. The doctors there diagnosed the child as having suffered partial thickness epidermal or skin burns, which covered 35 to 40 percent of her body, including the lower buttocks, legs, genital area and tops of her feet. The child stayed in the hospital three weeks or so, during which time antibiotic cremes were applied to the burned areas, but no surgery or skin grafts were done or recommended. One treating doctor testified that a child's skin is more sensitive than an adult's and expressed the opinion that water at a temperature of 130 to 140 degrees Fahrenheit for a period of two or three minutes would cause the child's injuries and that the child will be scarred permanently to some extent. Another doctor expressed the opinion that the child would have cried out immediately when placed in water hot enough to injure her and would have attempted to get out of it. The child's body bore no indication of previous abuse and no evidence of prior abuse of any kind was presented.

Defendant's evidence, which included her testimony and that of her husband and some neighbors, tended to show that: She loved her child, had always cared for her properly, had not intended to hurt the child, and the burning was an accident. For several days before the night involved defendant had been ill with a virus and was taking medications which made her drowsy and very tired, and those conditions, along with being awakened from deep and needed sleep, caused her not to check the water more carefully.

*Attorney General Edmisten, by Assistant Attorney General Jane Rankin Thompson, for the State.*

*Timothy E. Merritt for defendant appellant.*

PHILLIPS, Judge.

[1] Defendant, indicted for felonious child abuse under G.S. 14-318.4, requested the trial judge to also submit an issue and instruct the jury with respect to misdemeanor child abuse under

G.S. 14-318.2. The judge denied the request and submitted only the felony child abuse issue, which the jury answered against defendant. Since the felony child abuse indictment against defendant embraced the lesser included offense of misdemeanor child abuse and the evidence as to a distinctive element of felony child abuse was conflicting, it was prejudicial error not to submit an issue as to the lesser charge, for which defendant is entitled to a new trial.

A lesser included offense is one that has some, but not all, of the essential elements of the greater offense, and has no element that the greater offense does not have. *State v. Revelle*, 301 N.C. 153, 270 S.E. 2d 476 (1980). Whenever the evidence as to one or more elements of a greater offense is in conflict, or is deficient, and the jury can therefore properly find that the lesser offense was committed but the greater offense was not, a defendant is entitled to have the jury consider the lesser charge under proper instructions from the court. *State v. Redfern*, 291 N.C. 319, 230 S.E. 2d 152 (1976).

Under the part of G.S. 14-318.2 that concerns defendant—[the other parts relate to two other separate and independent offenses against children not involved in this appeal; *see State v. Fredell*, 283 N.C. 242, 195 S.E. 2d 300 (1973)]—a parent or custodian of a child less than 16 years of age who inflicts physical injury upon or to the child by other than accidental means is guilty of a misdemeanor. The word "inflict" means to lay on or impose, and is aptly used in connection with punishment. 43 C.J.S. *Inflict* p. 707 (1978). Thus, to violate the statute, an intentional, rather than accidental, act causing physical injury is required; but an intent to injure is not required. The phrase "accidental means" has been interpreted by our Supreme Court many times. Though the decisions have not made entirely clear what all falls within its compass, they clearly establish, we think, that injuries which result from intentional acts do not. *Henderson v. Hartford Accident & Indemnity Co.*, 268 N.C. 129, 150 S.E. 2d 17 (1966). Thus, since the child was injured because defendant intentionally put her in the water, *if* one of defendant's purposes in doing so was to punish the child, defendant would be guilty of misdemeanor child abuse, even though she may not have intended to cause an injury. The parts of G.S. 14-318.4 that are pertinent to this case provide, on the other hand, that any parent or custodian of a child less than

16 years of age who *intentionally injures* the child physically to a *serious extent,* resulting *in permanent disfigurement* or *substantial impairment* of function *of any organ* of such child, is guilty of a felony. Thus, *for the purposes of this case,* both crimes involve a parent or custodian physically injuring a child under 16 years of age; and the only distinction between the two crimes is that the felony requires that the injury be serious, permanent and intentionally inflicted, while the misdemeanor requires only that the injury be inflicted by an intentional act. Clearly, therefore, the felony child abuse charge that defendant was tried for embraced the lesser included offense of misdemeanor child abuse; and it is equally clear that because of conflicts in the evidence that the jury should have been permitted to consider both offenses.

Though the evidence as to the other elements of felony child abuse—the parent child relationship, the age of the child, that she was seriously injured and one of her bodily organs, the skin, was permanently disfigured to some extent—was all one way, the evidence as to whether the defendant *intentionally* injured the child was not. The State's evidence tended to show that she intended to injure the child; but her evidence tended to show that she intended no such thing, though it did show that the child was injured by her intentional act in placing her in water that was hotter than she thought it was. That defendant intentionally placed the child in the water is not decisive—for her to be guilty of the felony, she must have also known that the water was hot enough to cause serious injury, and her testimony was that she did not know that. According to the evidence and the common experience of mankind, hands are less sensitive to hot water than other portions of the body and a child's skin is more sensitive to hot water than that of an adult. And defendant, whose hands were in the water, testified that she did not think that the water was hot enough to hurt the child and did not intend to hurt her. If the next jury believes that, it will be their duty to acquit her of the greater offense; and if they also find that in putting the child into the water defendant was not undertaking to punish the child, but was in good faith only undertaking to bathe her, it would be their duty to acquit her of the lesser offense, as well. But the defendant's contention that misdemeanor child neglect under G.S. 14-316.1 is likewise a lesser included offense of felony child abuse and that the jury should have been permitted to also consider

that offense is without merit, as a comparison of the two statutes plainly shows.

[2]  The judge also committed prejudicial error in charging the jury as follows:

> The State must prove beyond a reasonable doubt that the defendant, with the actual knowledge that the water in the bathtub was hot enough to cause pain to Shanna Young, placed Shanna Young in the tub with the intent to cause Shanna Young pain. The placing of a child in water hot enough to cause pain, with the knowledge that the water is hot enough to cause such pain is an intentional burning or scalding within the meaning of the law as applied to this case.
>
>          . . . .
>
> If however, the State of North Carolina has proved beyond a reasonable doubt that the defendant, knowing that the water in the tub was hot enough to cause pain to Shanna Young, with that knowledge placed Shanna Young in the tub with the intent to cause pain to Shanna, then that would be proof beyond a reasonable doubt of an intentional burning or scalding and you could return a verdict of guilty as charged.

Intending to cause a child *pain* is, of course, not tantamount to intending to scald, burn, or seriously injure a child, the crime defendant was being tried for; and a verdict so based, as this one probably is, cannot be permitted to stand.

[3]  In sentencing the defendant to a term of imprisonment longer than the presumptive sentence, the court found two aggravating factors authorized by G.S. 15A-1340.4(a)(1)—that the crime was especially heinous, atrocious or cruel, and that advantage was taken of the position of trust and confidence which she had as parent of the child. Applying the principles set forth in *State v. Ahearn*, 307 N.C. 584, 300 S.E. 2d 689 (1983), we are of the opinion that neither finding was justified. The evidence recorded does not show that excessive brutality which especially heinous, atrocious or cruel conduct imports; and since the crime that she was convicted of is based on the relationship of parent

and child, that relationship cannot be used again to exceed the presumptive sentence.

New trial.

Judges WEBB and EAGLES concur.