STATE OF NORTH CAROLINA v. HOWARD GOFORTH

No. 8328SC1053

(Filed 3 April 1984)

**Criminal Law § 138— attempted rape of stepdaughter—position of trust aggravating factor**

In imposing a sentence upon defendant for attempted first degree rape, the trial court properly found as an aggravating factor that defendant took advantage of a position of trust to commit the offense by attempting to rape a young victim who was for all practical purposes his stepdaughter. G.S. 15A-1340.4(a)(1)(n).

APPEAL by defendant from *Lewis (Robert D.), Judge.* Judgment entered 20 May 1983 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 16 March 1984.

Defendant was convicted of attempted first degree rape and sentenced to a term of imprisonment in excess of the presumptive sentence. Defendant appealed. This Court, in an opinion at 59 N.C. App. 504, 297 S.E. 2d 128 (1982), found no error in the trial but found an error in sentencing in that two factors in aggravation were based on the same item of evidence in violation of G.S. 15A-1340.4(a)(1). However, Judge Hill, speaking for the panel, found that the error in sentencing was not prejudicial. *Id.* Defendant filed a petition for discretionary review in the North Carolina Supreme Court which was allowed for the purpose of remanding the case to the superior court for resentencing in accordance with

the Court's decision in *State v. Ahearn*, 307 N.C. 584, 300 S.E. 2d 689 (1983). *See State v. Goforth*, 307 N.C. 699, 307 S.E. 2d 162 (1983).

At the resentencing hearing, the court found as the only aggravating factor that the defendant took advantage of a position of trust to commit the offense by attempting to rape his wife's daughter to whom he was, for all practical purposes, a stepfather. The court found three mitigating factors but found that defendant's abuse of trust outweighed the evidence in mitigation and again imposed a sentence in excess of the presumptive term. From the judgment entered and the sentence imposed at the resentencing hearing, defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Tiare B. Smiley, for the State.*

*Assistant Public Defender Lawrence C. Stoker for defendant appellant.*

WEBB, Judge.

Defendant contends the court committed reversible error by finding as a factor in aggravation that defendant took advantage of a position of trust. He submits that the aggravating factor that the defendant took advantage of a position of trust or confidence to commit the offense, found at G.S. 15A-1340.4(a)(1)(n), relates only to misconduct in public or private office, or to a fiduciary relationship existing between individuals, or between an agency or company and an individual, and not to the familial relationship in the present case. We do not believe this statutory factor should be interpreted so narrowly, and our case law does not support such an interpretation as is demonstrated by this Court's ruling in *State v. Potts*, --- N.C. App. ---, 308 S.E. 2d 754 (1983), where the Court upheld a finding of this aggravating factor based upon evidence showing that the defendant and his victim were close friends.

In *State v. Melton*, 307 N.C. 370, 378, 298 S.E. 2d 673, 679 (1983), our Supreme Court stated: "As long as they are not elements essential to the establishment of the offense to which the defendant pled guilty, all circumstances . . . which are reasonably related to the purposes of sentencing must be considered during

sentencing. (Citations omitted.)" In the present case, the essentially familial relationship between the defendant and his young victim was not an element of the offense. The evidence tends to show that the defendant lived with the victim's mother, brothers and sisters for approximately eight years, and was considered by the victim, her family, and even the defendant himself, to be the children's stepfather. Defendant was not, in fact, the victim's stepfather because he was not legally married to her mother. Nevertheless, the evidence shows defendant was for all practical purposes the victim's stepfather and that he took advantage of such position of trust to commit the offense. We believe defendant's abuse of his parental role relates to his character or conduct, and was reasonably related to the purposes of sentencing. We hold the trial court properly found as an aggravating factor that defendant took advantage of a position of trust to commit the offense, and did not abuse its discretion in finding that the aggravating factor outweighed the mitigating factors, and in imposing a sentence in excess of the presumptive term.

In so holding, we also reject defendant's argument that the trial court improperly used an element of the lesser crime of incest to find the aggravating factor for the greater crime of rape. Incest is not a lesser included offense of attempted rape because it requires proof of the additional element that the defendant had assumed the position of a parent in the home of the minor victim. *See* G.S. 14-27.7; G.S. 14-27.2. Because defendant's parental position is not an essential element of the offense of attempted rape, the court did not err in considering it as a factor in sentencing.

No error.

Judges BECTON and EAGLES concur.