STATE OF NORTH CAROLINA v. RICKY LEE CALDWELL

No. 8630SC961

(Filed 19 May 1987)

**Criminal Law § 138.27 — aggravating factor — position of trust or confidence**

The trial judge did not err when sentencing defendant for taking indecent liberties with children by finding as an aggravating factor that defendant took advantage of a position of trust or confidence where the evidence tended to show that defendant had sexually molested his stepson and his stepson's cousin while the two boys were staying with defendant and his wife. A parental or familial relationship is not a necessary element of the crime of taking indecent liberties with children and the aggravating factor of position of trust and confidence is not precluded. N.C.G.S. § 15A-1340.4(a)(1)(n), N.C.G.S. § 14-202.1.

APPEAL by defendant from *Allen, C. Walter, Judge.* Judgment entered 29 April 1986 in Superior Court, HAYWOOD County. Heard in the Court of Appeals on 11 February 1987.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Robert E. Cansler, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender David W. Dorey, for defendant-appellant.*

GREENE, Judge.

Defendant pleaded guilty to three counts of taking indecent liberties with children. The trial judge imposed the maximum ten year prison terms for two of the convictions and required that the sentences run consecutively. A three year term was imposed for the third conviction to run concurrently with the other terms for a total sentence of twenty years. Defendant appealed.

At the sentencing hearing, the State offered evidence tending to show defendant had sexually molested defendant's stepson and his stepson's cousin. While the two boys were staying with defendant and his wife during the summer of 1983, defendant got into bed with and fondled each boy. Among other things, the trial court found as an aggravating sentencing factor that defendant had taken advantage of a "position of trust or confidence" to commit the offenses under N.C.G.S. Sec. 15A-1340.4(a)(1)(n) (1983).

The only issue for this Court's determination is whether the aggravating sentencing factor under N.C.G.S. Sec. 15A-1340.4 (a)(1)(n) requires the defendant abuse a position of *greater* "trust and confidence" than that inherent among family members whenever defendant is convicted of taking indecent liberties with such family members. In his brief, defendant admits "trust and confidence is inherent when an adult family member resides in the same home as the minors who are molested." He concedes the offense of indecent liberties with a child may legally occur between children and adult strangers. Defendant nevertheless asserts, without support, that the offense occurs most frequently in families.

From this jerry-built premise, defendant concludes that the "position of trust and confidence" inherent in a family context is a necessary element of this offense and is thus precluded as an aggravating factor pursuant to N.C.G.S. Sec. 15A-1340.4(a)(1) which provides that "evidence necessary to prove an element of the offense may not be used to prove any factor in aggravation, and the same item of evidence may not be used to prove more than one factor in aggravation." *Cf. State v. Young*, 67 N.C. App. 139, 143-44, 312 S.E. 2d 665, 660 (1984) (since parental or custodial relationship deemed necessary element of child abuse offense, "trust and confidence" necessarily precluded as aggravating factor). Thus, defendant argues the "position of trust and confidence" required by Section 1340.4(a)(1)(n) must be *greater* than that trust and confidence "inherent when an adult family member resides" with the victimized minor as in defendant's case.

We reject any contention that a parental or familial relationship is a necessary element of the crime of taking indecent liberties with children. N.C.G.S. Sec. 14-202.1 (1986) provides:

(a) A person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he either:

(1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire; or

(2) Willfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years.

We fail to see any implication, necessary or otherwise, that this offense requires a parental or familial relationship between the perpetrator and the victim. Nowhere is any such relationship mentioned or implied.

Instead, where defendant is convicted of taking indecent liberties with his stepson and stepson's overnight guest, we see no reason to distinguish this case from our earlier decisions. *E.g.*, *State v. Goforth*, 67 N.C. App. 537, 538-39, 313 S.E. 2d 595, 596, *cert. denied*, 311 N.C. 765, 321 S.E. 2d 149 (1984) (as familial relationship not necessary element of attempted rape, court properly held putative stepfather abused position of trust and confidence to commit offense); *State v. Potts*, 65 N.C. App. 101, 104-105, 308 S.E. 2d 754, 757, *disc. rev. denied*, 311 N.C. 406, 319 S.E. 2d 278 (1984) (where murder victim was defendant's "best friend," defendant took advantage of position of trust and confidence). Accordingly, the trial judge committed no error in finding as an aggravating factor that defendant took advantage of a position of trust or confidence.

Affirmed.

Judges WELLS and EAGLES concur.