STATE OF NORTH CAROLINA v. RACHEL D. DARBY

No. 904SC809

(Filed 19 March 1991)

**Criminal Law § 1098 (NCI4th)— involuntary manslaughter — defendant in position of trust or confidence — finding of aggravating factor improper**

The aggravating factor that defendant took advantage of a position of trust or confidence could not be used to increase a sentence beyond the presumptive for involuntary manslaughter when the manslaughter conviction could have been based on the predicate crime of misdemeanor child abuse, which has as an element that the defendant was a parent of the victim, or by a finding that defendant committed a criminally negligent act, and the jury was instructed as to both possibilities.

**Am Jur 2d, Criminal Law §§ 598, 599; Homicide §§ 552, 554.**

APPEAL by defendant from judgment entered 2 May 1990 by *Judge Herbert O. Phillips, III* in ONSLOW County Superior Court. Heard in the Court of Appeals 25 February 1991.

Defendant was convicted of the involuntary manslaughter of her thirteen-month-old child and sentenced to a term of imprisonment exceeding the presumptive term.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Patricia F. Padgett, for the State.*

*Popkin and Associates, by Samuel S. Popkin, for defendant-appellant.*

JOHNSON, Judge.

Defendant argues the trial court erred in finding as factors in aggravation: (1) that the victim was very young; and (2) that defendant took advantage of a position of trust or confidence to commit the offense. She contends the aggravating factors were improperly found because the evidence necessary to prove them was necessary to prove an element of the offense as defined for the jury. *See* G.S. § 15A-1340.4(a)(1).

The trial court here defined involuntary manslaughter for the jury as the unintentional killing of a human being by an act done in a criminally negligent way or by an unlawful act not amounting to a felony. *See State v. Wingard*, 317 N.C. 590, 346 S.E.2d 638 (1986). The court instructed that in order for the jury to find defendant guilty of the offense, the State had to prove beyond a reasonable doubt: (1) that defendant acted in a criminally negligent way, or unlawfully; and (2) that defendant's negligence or unlawful conduct proximately caused the victim's death. The court specifically defined criminal negligence. The court further instructed that defendant acted unlawfully if the victim was less than sixteen years old, and defendant was the victim's parent, and if defendant inflicted physical injury on the victim or created a substantial risk that the victim would suffer physical injury by other than accidental means. The latter instruction describes a violation of G.S. § 14-318.2, which defines misdemeanor child abuse. *See State v. Wilkerson*, 295 N.C. 559, 247 S.E.2d 905 (1978).

Defendant argues that the trial judge impermissibly utilized factors in aggravation which were also used as evidence to prove essential elements of the offense, to wit, misdemeanor child abuse, and that this double use violates the prohibition in G.S. § 15A-1340.4(a) that evidence necessary to prove an element of the offense may not be used to prove any factor in aggravation. The State argues that since the jury instructions were written in the disjunctive (a conviction for involuntary manslaughter could be found if the jury found the defendant had committed either (1) a criminally negligent act *or* (2) an unlawful act not amounting to a felony,

to wit, misdemeanor child abuse) there is no double use problem and in order for defendant's argument to prevail the instructions would have to be worded in such as way as to allow conviction of involuntary manslaughter only on the basis of misdemeanor child abuse.

Initially, we note that misdemeanor child abuse can support a conviction of involuntary manslaughter. *State v. Byrd*, 309 N.C. 132, 305 S.E.2d 724 (1983). The infancy of the victim can be used to aggravate a sentence for felony child abuse, *State v. Ahearn*, 307 N.C. 584, 300 S.E.2d 689 (1983), but the trust or confidence factor cannot. *State v. Young*, 67 N.C. App. 139, 312 S.E.2d 665 (1984). Felony child abuse and misdemeanor child abuse have in common the element of parent-child relationship. *Cf.* G.S. §§ 14-318.2 and 14-318.4. Thus, defendant's argument can apply, if at all, only to the double use of the trust or confidence factor.

The issue is whether the aggravating factor that the defendant took advantage of a position of trust or confidence can be used to increase a sentence beyond the presumptive for involuntary manslaughter when the manslaughter conviction could have been based on the predicate crime of misdemeanor child abuse, which has as an element that the defendant was a parent of the victim, or by a finding that defendant committed a criminally negligent act, and the jury was instructed as to both possibilities. We hold that it cannot.

The Fair Sentencing Act, found at G.S. §§ 15A-1340.1 to -1340.7, applies to the sentencing of all persons convicted of felonies other than Class A or Class B felonies. The Act provides that "[e]vidence necessary to prove an element of the offense may not be used to prove any factor in aggravation[.]" G.S. § 15A-1340.4(a). *See generally, Ahearn*, 307 N.C. 584, 300 S.E.2d 689. In *State v. Blackwelder*, 309 N.C. 410, 306 S.E.2d 783 (1983), defendant was convicted of second degree murder. The jury was instructed that the inference of malice arises as a matter of law from the intentional killing of a human being with a deadly weapon. The sentencing judge found as an aggravating factor that defendant used a deadly weapon. Defendant argued that the use of a deadly weapon was necessary to prove the malice element of second degree murder and thus its use to aggravate the sentence violated G.S. § 15A-1340.4(a). The Supreme Court agreed and adopted a "bright-line" rule regarding the use of a deadly weapon as an aggravating

factor when that use might have been used by the jury as proof of malice. The Court held that when "the facts justify an instruction on the inference of malice arising as a matter of law from the use of a deadly weapon, evidence of the use of that deadly weapon may not be used as an aggravating factor at sentencing." *Id.* at 417, 306 S.E.2d at 788. The Court adopted this rule "to avoid hairsplitting factual disputes necessitated by having to second-guess jury decisions as to the existence of malice." *Id.* The *Blackwelder* Court illustrated the problem by reference to *State v. Keaton*, 61 N.C. App. 279, 300 S.E.2d 471, *disc. review denied*, 309 N.C. 463, 307 S.E.2d 369 (1983), and *State v. Hough*, 61 N.C. App. 132, 300 S.E.2d 409, *disc. review denied*, 308 N.C. 193, 302 S.E.2d 246 (1983). In *Keaton*, the defendant was convicted of second degree murder. The trial judge found in aggravation that he had used a deadly weapon. Defendant argued on appeal that the use of a deadly weapon as an aggravating factor violated the Fair Sentencing Act since use of a deadly weapon was evidence necessary to prove malice. The jury in that case had been instructed that malice could be inferred from the use of a deadly weapon. The *Keaton* Court agreed and held that "as there were no facts and circumstances indicating that [the victim's] death was unusually gruesome, other than the fact that he died from gunshot wounds, the necessary element of malice must have been inferred by the jury from the evidence that defendant intentionally shot [the victim] with a gun." *Keaton*, 61 N.C. App. at 283-84, 300 S.E.2d at 473. Thus, the use of a deadly weapon could not be used as an aggravating factor. *Accord, State v. Gaynor*, 61 N.C. App. 128, 300 S.E.2d 260 (1983). In contrast, the *Hough* Court found that the use of a deadly weapon could properly be used as an aggravating factor where the fact that the victim had been shot four times provided other evidence by which the trial judge could infer malice. "Defendant's use of the deadly weapon in this case was not necessary to prove the element of malice." *Hough*, 61 N.C. App. at 135, 300 S.E.2d at 411.

Having illustrated the problem, the *Blackwelder* Court opined that

> [s]hort of requiring every jury to specify upon what facts and circumstances it relied in determining the existence of malice, it is simply not possible to conclude, with any degree of certainty, that a jury instructed on the inference of malice would not have considered the use of a deadly weapon as evidence necessary to prove the element of malice.

*Blackwelder*, 309 N.C. at 417-18, 306 S.E.2d at 788.

This Court faces a similar problem in the case *sub judice*. The jury was instructed that it could convict defendant of involuntary manslaughter if it found that she had committed a criminally negligent act or if she had committed an unlawful act not amounting to a felony, either of which was the proximate cause of death. They were further instructed as to the elements of criminal negligence and the unlawful act of misdemeanor child abuse, including the parent-child relationship. The jury convicted defendant of involuntary manslaughter and there is nothing in the record as to the basis for their decision. Were defendant convicted on the basis of a criminally negligent act, the finding in aggravation that defendant was in a position of trust or confidence would not violate G.S. § 15A-1340.4. If defendant were convicted on the basis of misdemeanor child abuse, aggravation of sentence based on the trust or confidence factor would be improper. Thus, we are faced with a situation of the type faced by the Court in *Blackwelder*. Unless a bright-line rule is applied to the facts *sub judice*, we will of necessity have to "second-guess" the jury decision. This we will not do.

We find under the facts of this case that it was error for the trial judge to find as an aggravating factor that defendant was in a position of trust or confidence and remand to the trial court for resentencing. *State v. Chatman*, 309 N.C. 169, 301 S.E.2d 71 (1983).

Remanded for resentencing.

Judges PHILLIPS and WYNN concur.