STATE v. HATTIE JOHNSON.

(Filed 24 March, 1915.)

**1. Courts—Judgment Suspended—Sentence Pronounced—"Good Behavior."**

Where judgment against defendant is suspended in a criminal action and continued from term to term of court under order that the defendant then appear for the purpose of showing "good behavior," it is not necessary in subsequently pronouncing judgment that the defendant be again guilty of the offense of which he had been convicted, the requirement of good behavior being that he demean himself as a good citizen and show himself worthy of judicial clemency.

**2. Same—Findings—Appeal and Error.**

Where sentence in a criminal action has been suspended during "good behavior," and thereafter judgment is pronounced, the findings of the trial judge in relation thereto are not reviewable on appeal.

APPEAL by defendant from *Daniels, J.,* at Fall Term, 1914, of LENOIR, from judgment sentencing her to six months imprisonment.

*Attorney-General for the State.*
*Langston, Allen & Taylor, T. C. Wooten, Murray Allen for defendant.*

BROWN, J. The defendant, at the January Term, 1913, had pleaded guilty to three bills of indictment charging her with retailing, and prayer for judgment was continued on condition of good behavior, and so ordered to be further continued from term to term for three years.

The defendant appeared for the purpose of showing her good behavior from term to term until the August Term, 1914. At that term it was made to appear that the defendant had been engaged in maintaining a bawdy-house in the town of Kinston since the previous term of six months. This exception is disposed of by the decision of the Court in the case of *S. v. Tripp,* 168 N. C., 150.

The condition of continuing the prayer for judgment was "upon condition of good behavior." This does not mean that she must not have been guilty of the same kind of misconduct as that of which she had been convicted, but that, as was said in the case of *S. v. Everett,* 164 N. C., 407: "When the judgment was suspended, the defendant assumed the obligation to show the court, from time to time, that he had demeaned himself as a good citizen and was worthy of judicial clemency." The finding of the court is not reviewable. *S. v. Bailey,* 162 N. C., 583; *S. v. Register,* 133 N. C., 747; *S. v. Wilcox,* 132 N. C., 11; *S. v. Kinsauls,* 126 N. C., 1092; *S. v. Carter,* 126 N. C., 1011.

Affirmed.