State v. Neeley

Affirmed.

Judges HILL and BECTON concur.

———————————

STATE OF NORTH CAROLINA v. TOMMY LEE NEELEY

No. 8123SC1145

(Filed 4 May 1982)

**Criminal Law § 143.13— appeal from order of revocation of probation —inability to attack original judgment**

  Where defendant received a suspended sentence upon certain conditions, defendant failed to adhere to the conditions and his sentence was activated, the defendant could not question the validity of the original judgment when his sentence was suspended since attacking the original judgment is an impermissible collateral attack. G.S. 15A-1411.

APPEAL by defendant from *Long, Judge.* Judgment entered 10 April 1981 in Superior Court, WILKES County. Heard in the Court of Appeals 6 April 1982.

On 7 September 1979, the defendant entered a plea of guilty in Wilkes County District Court to the offense of unlawfully and willfully neglecting and refusing to support his minor child in violation of N.C. Gen. Stat. § 14-322. The court suspended a six-month sentence for five years on the condition that, among other things, the defendant pay the costs of court, pay the sum of $25.00 weekly to the Clerk of Superior Court for the use and benefit of the minor child, and maintain insurance on the child and be responsible for medical bills not covered by insurance. On 11 February 1981 the Wilkes County District Court ordered the 7 September 1979 six-month sentence into effect because the defendant was $685.00 in arrears in his payments for the support of the child. The defendant appealed the activation of his suspended sentence to the Wilkes County Superior Court. On 10 April 1981 the Superior Court ordered activation of defendant's six-month sentence, and it is from that order that defendant appeals.

*Attorney General Edmisten by Assistant Attorney General Henry T. Rosser, for the State.*

*Appellate Defender Adam Stein by Assistant Appellate Defender James H. Gold, for the defendant-appellant.*

MARTIN (Robert M.), Judge.

Defendant's assignments of error attack the validity of the judgment entered 7 September 1979. Defendant did not appeal from that judgment when entered, but now attacks that judgment upon the revocation of his probation. Defendant first argues that there was nothing in the record of his guilty plea to show whether defendant was indigent, whether he was represented by counsel or whether he made a knowing and intelligent waiver of counsel. Defendant further argues that the statute under which he was originally convicted, N.C. Gen. Stat. § 14-322, did not apply to him because it applies only to legitimate, not illegitimate children. This case is controlled by *State v. Noles*, 12 N.C. App. 676, 184 S.E. 2d 409 (1971). Here as in *Noles*, the defendant tries to attack collaterally the validity of the original judgment where his sentence was suspended, in an appeal from the revocation of that suspension. "When appealing from an order activating a suspended sentence, inquiries are permissible only to determine whether there is evidence to support a finding of a breach of the conditions of the suspension, or whether the condition which has been broken is invalid because it is unreasonable or is imposed for an unreasonable length of time." *State v. Noles*, 12 N.C. App. at 678, 184 S.E. 2d at 410 (1971); *State v. Caudle*, 276 N.C. 550, 173 S.E. 2d 778 (1970). The Court in *Noles* held that questioning the validity of the original judgment where sentence was suspended, on appeal from an order activating the sentence, is an impermissible collateral attack. The proper procedure which provides the defendant adequate opportunity for adjudication of claimed deprivations of constitutional rights is under Article 89, Post-Trial Relief, N.C. Gen. Stat. § 15A-1411, *et seq. See State v. White*, 274 N.C. 220, 162 S.E. 2d 473 (1968).

The order of the trial court is

Affirmed.

Judges VAUGHN and ARNOLD concur.