STATE OF NORTH CAROLINA v. BRANDON DEWAYNE BRIDGES

No. COA07-1109

(Filed 1 April 2008)

**Probation and Parole— revocation hearing—continued—not an adjudication**

The trial court did not adjudicate defendant's probation violation when it granted a continuance, at defendant's request, and the subsequent revocation was proper.

Appeal by defendant from judgment entered 13 March 2007 by Judge Franklin F. Lanier in Lee County Superior Court. Heard in the Court of Appeals 31 March 2008.

*Attorney General Roy A. Cooper III, by Assistant Attorney General John W. Mann, for the State.*

*Eric A. Bach, for defendant-appellant.*

STATE v. BRIDGES

[189 N.C. App. 524 (2008)]

STEELMAN, Judge.

The granting of defendant's motion for a continuance on 15 February 2007 was not an adjudication of the defendant's probation violation. The trial court properly revoked defendant's probation on 13 March 2007.

## I. Factual and Procedural Background

On 21 September 2005, Brandon Dewayne Bridges ("defendant") pled guilty to the felonies of financial identity fraud and financial card fraud. The trial court suspended a sentence of twenty to twenty-four months' imprisonment and placed defendant on supervised probation for thirty-six months. On 30 January 2007, defendant was served with a probation violation report alleging the following violations of his probation: (1) testing positive for cocaine use on 8 May 2006 and 6 July 2006; (2) failing to report to his probation officer on 18 August 2006 and failing to maintain monthly contact with his probation officer; (3) failing to pay monies due under the probationary judgment and having an arrearage of $970; (4) failing to pay his monthly supervision fee and having an arrearage of $300; (5) failing to complete the TASC program; and (6) leaving his residence in Sanford without notifying his probation officer of his current address.

On 15 February 2007, the case was continued until 12 March 2007 upon the payment of $500.00 by defendant. This was upon the motion of defendant:

[COUNSEL]: Probation violation, your Honor. My motion for a continuance. I think it's going to be consented to on the condition my client pays $500 towards a significant amount of restitution . . . .

THE COURT: All right. Is that the agreement?

[PROSECUTOR]: Yes, your Honor.

THE COURT: All right. Does he admit willful violations?

[DEFENSE COUNSEL]: I don't even think we're addressing that. We're just continuing it. We're paying money.

THE COURT: Okay. Continuing it until?

[DEFENSE COUNSEL]: March 12.

THE COURT: All right. The matter is continued until 3-12, . . .

(Emphasis added). The court entered an order modifying the conditions of defendant's probation to require him to "pay $500 within 10 days." The order specified that the court was acting pursuant to "a motion to modify the conditions of the defendant's probation for good cause <u>without charge of violation</u>." (Emphasis added).

On 13 March 2007, defendant admitted to the willful violations of testing positive for cocaine on 8 May 2006 and 6 July 2006, failing to report to his probation officer on 18 August 2006, and being in arrears in his monthly supervision fee, as alleged in the 30 January 2007 violation report. Defendant denied the remaining violations. The court found that defendant had willfully violated each of the terms of his probation as set forth in the violation report, and that each violation constituted a basis for revocation. The court revoked defendant's probation and activated his suspended sentence. Defendant appeals.

## II. Analysis—Trial Court's Jurisdiction

In defendant's only argument, he contends that the trial court lacked jurisdiction to revoke his probation after the trial court continued his case on 15 February 2007. We disagree.

Citing N.C. Gen. Stat. § 15A-1344 (2007), he argues "that at the violation hearing the superior court must choose to revoke the probation, continue the defendant on probation without modification or continue [him] on probation after modifying the terms and conditions of probation." He further argues that once a court elected to modify his probation, it could not subsequently revoke his probation for violations that occurred prior to the modification.

Under N.C. Gen. Stat. § 15A-1344(d) (2007), the trial court may modify the conditions of a defendant's probation "after notice and hearing and for good cause shown[,]" without an allegation or finding of a violation. Both the hearing transcript and the order modifying defendant's probation clearly reflect that the court did not adjudicate the allegations contained in the 30 January 2007 violation report at the hearing on 15 February 2007. Rather, the court granted defendant's motion for a continuance of the revocation hearing until March of 2007, and modified the conditions of his probation at the parties' request "for good cause [and] without charge of violation."

Because the modification order entered on 15 February 2007 was not based upon an adjudication of the violations alleged in the 30 January 2007 violation report, we hold that the trial court retained

jurisdiction on 13 March 2007 to proceed with the revocation hearing. This argument is without merit.

The record on appeal contains additional assignments of error not addressed by defendant in his appellant's brief. Pursuant to N.C. R. App. P. 28(b)(6), they are deemed abandoned.

AFFIRMED.

Judges HUNTER and McCULLOUGH concur.