STATE OF NORTH CAROLINA
v.
KAREEM AKEEM McMURRIN.
No. COA08-838
Court of Appeals of North Carolina.
Filed April 7, 2009
This case not for publication
Attorney General Roy A. Cooper, III, by Assistant Attorney General Catherine F. Jordan, for the State.
Richard Croutharmel for defendant-appellant.
ROBERT C. HUNTER, Judge.
Defendant appeals from judgment entered on 27 February 2008 revoking his probation and activating his suspended sentence of six to eight months imprisonment. For the reasons discussed herein, we affirm the trial court.
On 30 October 2006, the Dare County Grand Jury indicted defendant for possession with intent to sell or deliver a schedule II controlled substance, maintaining a motor vehicle to keep or sell controlled substances, misdemeanor possession of marijuana, and possession of drug paraphernalia. On 24 May 2007, pursuant to a plea agreement, defendant pled guilty to possession with intent to sell or deliver a schedule II controlled substance in Dare County Superior Court. Defendant was sentenced to six to eight months imprisonment; however, the trial court suspended the sentence and placed defendant on thirty-six months of supervised probation.
Subsequently, defendant's probation was transferred to Pasquotank County. On 12 December 2007, defendant's probation officer filed a probation violation report alleging that defendant violated his probation by testing positive for marijuana on 30 August 2007, 6 September 2007, and 4 December 2007. The report further alleged that defendant violated his probation because he had pending criminal charges, which occurred while he was assigned to intensive probation.
Defendant's probation officer filed a second probation violation report on 25 February 2008, alleging that defendant violated his probation by testing positive for marijuana on 3 January 2008 and 4 February 2008.
On 27 February 2008, the trial court conducted a probation revocation hearing. Defendant admitted that he tested positive for marijuana on five different occasions. Based upon defendant's admission, the trial court found willful violation of probation by defendant. The trial court revoked defendant's probation and activated his suspended sentence. Defendant appeals.
Defendant's sole argument on appeal is that the trial court lacked subject matter jurisdiction to revoke his probation and activate his suspended sentence as the indictment for the underlying drug possession conviction was fatally defective in that it failed to specify that defendant knowingly possessed the drug. We find defendant's argument without merit.
The trial court does not acquire subject matter jurisdiction when an indictment is fatally defective. State v. Frink, 177 N.C. App. 144, 146, 627 S.E.2d 472, 473 (2006). "A trial court must have subject matter jurisdiction over a case in order to act in that case." State v. Reinhardt, 183 N.C. App. 291, 292, 644 S.E.2d 26, 27 (2007). Here, defendant did not raise the issue of subject matter jurisdiction before the trial court. However, defendant may raise the issue for the first time on appeal. Id. "[W]hether a trial court has subject matter jurisdiction is a question of law, which is reviewable on appeal de novo." Ales v. T.A. Loving Co., 163 N.C. App. 350, 352, 593 S.E.2d 453, 455 (2004) (citation omitted). "When the record shows a lack of jurisdiction in the lower court, the appropriate action on the part of the appellate court is to arrest judgment or vacate any order entered without authority." State v. Felmet, 302 N.C. 173, 176, 273 S.E.2d 708, 711 (1981) (citations omitted).
"[T]he purpose of an indictment . . . is to inform a party so that he may learn with reasonable certainty the nature of the crime of which he is accused[.]" State v. Coker, 312 N.C. 432, 437, 323 S.E.2d 343, 347 (1984). "In general, an indictment couched in the language of the statute is sufficient to charge the statutory offense." State v. Blackmon, 130 N.C. App. 692, 699, 507 S.E.2d 42, 46, cert. denied, 349 N.C. 531, 526 S.E.2d 470 (1998). "It is also generally true that an indictment need only allege the ultimate facts constituting the elements of the criminal offense[.]" Id.
We do not find any authority, nor does defendant cite any "for the proposition that a charge of violating N.C. Gen. Stat. § 90-95(a)(1) is an exception to the general rule and that an indictment alleging a violation of that statute is facially invalid if it is couched in the language of the statute but does not include the word `knowing.'" State v. Memminger, 186 N.C. App. 681, 652 S.E.2d 71 (2007) (slip op. 5) (footnote omitted) (unpublished). "The offense of possession with intent to sell or deliver has three elements: (1) possession of a substance; (2) the substance must be a controlled substance; and (3) there must be intent to sell or distribute the controlled substance." State v. Nettles, 170 N.C. App. 100, 105, 612 S.E.2d 172, 175 (citations omitted), disc. review denied, 359 N.C. 640, 617 S.E.2d 286 (2005); N.C. Gen. Stat. § 90-95(a)(1) (2007). In the case sub judice, the indictment for possession with intent to sell or deliver a schedule II controlled substance stated:
The jurors for the State upon their oath present that on or about the date of offense shown and in the county named above, the defendant named above unlawfully, willfully and feloniously did possess with intent to sell or deliver a controlled substance, to wit: cocaine, which is included in Schedule II of the North Carolina Controlled Substance Act.
Our Supreme Court has held that the "term willfully implies that the act is done knowingly[.]" State v. Falkner, 182 N.C. 848, 854, 108 S.E. 756, 758 (1921) (emphasis omitted). Therefore, we conclude that the indictment, which alleged that defendant unlawfully, willfully and feloniously did possess with intent to sell or deliver a controlled substance, was not fatally invalid as it clearly set forth the charge and was sufficient to notify defendant of the charges against him.
Furthermore, to revoke a defendant's probation, the trial court need only find that the defendant has "willfully violated a valid condition of probation or that the defendant has violated without lawful excuse a valid condition upon which the sentence was suspended." State v. Hewett, 270 N.C. 348, 353, 154 S.E.2d 476, 480 (1967). "It is sufficient grounds to revoke the probation if only one condition is broken." State v. Seay, 59 N.C. App. 667, 670-71, 298 S.E.2d 53, 55 (1982), appeal dismissed and disc. review denied, 307 N.C. 701, 301 S.E.2d 394 (1983). Here, defendant admitted that he violated the terms of his probation by testing positive for marijuana on five separate occasions and the trial court found defendant willfully violated the terms of his probation.
For the reasons stated above, the judgment revoking defendant's probation and activating the suspended sentence is affirmed.
Affirmed.
Judges McGEE and JACKSON concur.
Report per Rule 30(e).