STATE OF NORTH CAROLINA
v.
WILLIAM HERBERT PENNELL, IV

No. COA12-1269

Filed 6 August 2013

**1. Probation and Parole—revocation—appeal—properly before Court—jurisdictional challenge**

Defendant's appeal from the trial court's order revoking his probation and activating his original sentence was properly before the Court of Appeals even though defendant did not object to the conditions of his suspended sentence at the time judgment was initially entered. N.C.G.S. § 15A-1347, and the greater weight of the precedent of our Supreme Court, allow appeal from revocation of probation to be based solely upon a challenge, either direct or collateral, to the trial court's jurisdiction.

**2. Probation and Parole—revocation—jurisdiction—underlying indictment fatally defective**

The trial court lacked jurisdiction to revoke defendant's probation for his conviction of larceny after breaking or entering where the underlying indictment was fatally defective. Because the trial court lacked jurisdiction to activate the sentence imposed pursuant

to that indictment, activation of that sentence was also a nullity and the trial court's order was vacated.

**3.  Probation and Parole—revocation—clerical error**
      The trial court erred by revoking defendant's probation for "larceny after breaking or entering" a second time in 10 CRS 57417, instead of revoking for "breaking or entering" in 10 CRS 57417. The matter was remanded to the trial court to fix the clerical error.

Judge GEER concurs in part and concurs in the result only in part by separate opinion.

Appeal by Defendant from judgments entered 5 June 2012 by Judge Christopher W. Bragg in Superior Court, Iredell County. Heard in the Court of Appeals 12 March 2013.

*Attorney General Roy Cooper, by Assistant Attorney General Deborah M. Greene, for the State.*

*Yoder Law PLLC, by Jason Christopher Yoder, for Defendant.*

McGEE, Judge.

William Herbert Pennell, IV (Defendant) was indicted on 2 November 2009 for one count of breaking or entering and one count of larceny after breaking or entering in 09 CRS 53255, for offenses that occurred on 12 February 2009; and one count of felony possession of cocaine in 09 CRS 53992, for an offense that occurred on 23 May 2009. On that same day, Defendant waived indictment on an information alleging one count of breaking or entering and one count of larceny after breaking or entering in 10 CRS 57417, for offenses that occurred on 22 August 2010. Defendant pleaded guilty on 2 December 2010 to those five charges in return for a negotiated plea agreement suspending the sentences and placing Defendant on supervised probation for thirty-six months.[1]

Defendant's probation officer filed violation reports dated 16 June 2011, 18 August 2011, and 3 February 2012, alleging that Defendant had violated the terms of his probation. The 18 August 2011 violation reports alleged that Defendant had cut off his electronic monitoring device and

---

1. Defendant was placed on probation before the General Assembly's major overhaul of probation law, enacted through The Justice Reinvestment Act of 2011, went into effect.

had "left his place of residence during curfew hours on 08/17/2011 and did not return." For those violations, Defendant's probation for the larceny after breaking or entering in 10 CRS 57417 was revoked, and his sentence of eight to ten months in prison was activated on 13 October 2011. Defendant served this sentence. The 3 February 2012 violation reports alleged that Defendant had not completed any of his community service requirements, had been charged with resisting a public officer, and had been convicted of three counts of felony breaking or entering for incidents that occurred in July and August of 2011 (just before Defendant's sentence in 10 CRS 57417 was activated). Defendant admitted to those violations, and the trial court activated four of Defendant's sentences. Defendant appeals.

## I.

The issues on appeal are: (1) whether the trial court lacked jurisdiction to revoke Defendant's probation for his conviction of larceny after breaking or entering in 09 CRS 53255 and (2) whether the trial court erred in revoking Defendant's probation for "larceny after breaking or entering" a second time in 10 CRS 57417, instead of revoking for "breaking or entering" in 10 CRS 57417.

## II.

We must first decide whether this appeal is properly before this Court. There seems to be considerable confusion in the opinions of our appellate courts concerning what matters may be appealed following a probation revocation hearing when, as in this case, Defendant did not object to the conditions of his suspended sentence at the time judgment was initially entered.

Though the law concerning appeal from revocation of probation is often contradictory, we believe N.C. Gen. Stat. § 15A-1347, and the greater weight of the precedent of our Supreme Court, allows appeal from revocation of probation to be based solely upon a challenge, either direct or collateral, to the trial court's jurisdiction.

"Appellate jurisdiction in criminal appeals by a defendant and grounds for appeal in criminal cases are set forth in N.C. Gen. Stat. § 15A–1442 and N.C. Gen. Stat. § 15A–1444. '[A] defendant's right to appeal in a criminal proceeding is purely a creation of state statute.'" *State v. Singleton*, 201 N.C. App. 620, 623, 689 S.E.2d 562, 564 (2010) (citation omitted).

> Our General Assembly "within constitutional limitations, can fix and circumscribe the jurisdiction of the courts of this State." "Where jurisdiction is statutory and the

Legislature requires the Court to exercise its jurisdiction in a certain manner, to follow a certain procedure, or otherwise subjects the Court to certain limitations, an act of the Court beyond these limits is in excess of its jurisdiction."

*In re T.R.P.*, 360 N.C. 588, 590, 636 S.E.2d 787, 790 (2006) (citations omitted). Our General Assembly has granted defendants a right of appeal when suspended sentences are activated: "When a superior court judge, as a result of a finding of a violation of probation, activates a sentence . . . the defendant may appeal under G.S. 7A-27." N.C. Gen. Stat. § 15A-1347 (2011). N.C. Gen. Stat. § 7A-27 states in relevant part: "From any final judgment of a superior court . . . appeal lies of right to the Court of Appeals." N.C. Gen. Stat.§ 7A-27(b) (2011).

The General Assembly first codified the authority to suspend a defendant's sentence in 1937. *In re Greene*, 297 N.C. 305, 310, 255 S.E.2d 142, 145 (1979). Our Supreme Court heard appeals from probation revocations both before and after the 1937 enactments. However, the General Assembly did not specifically grant any right of appeal from the activation of a suspended sentence until 1951. N.C. Gen. Stat. § 15-200.1 (1953) (repealed). In N.C.G.S. § 15-200.1, a right to appeal from "a court inferior to the superior court" to the superior court was granted for a *de novo* hearing, "but only upon the issue of whether or not there has been a violation of the terms of the suspended sentence[.]" *Id.* No right of appeal to the Supreme Court was therein granted, though our Supreme Court continued to hear appeals from revocations of probation. *See, e.g., State v. Robinson*, 248 N.C. 282, 103 S.E.2d 376 (1958). N.C.G.S. § 15-200.1 was amended in 1963, adding, *inter alia*, that a *de novo* appeal from a lower court to the superior court "shall be determined by a judge without a jury, but only upon the issue of whether or not there has been a violation of the terms of probation or of the suspended sentence." N.C. Gen. Stat. § 15-200.1 (1965) (repealed).

In 1977, N.C.G.S. § 15-200.1 was repealed and replaced by N.C. Gen. Stat. § 15A-1347. N.C. Gen. Stat. § 15-200.1 (1978) (repealed); N.C. Gen. Stat. § 15A-1347 (1978); *Greene*, 297 N.C. at 310, 255 S.E.2d at 145. N.C.G.S. § 15A-1347 provided for a full *de novo* hearing on appeal from the district court to the superior court. In addition, for the first time, the General Assembly introduced a specific statutory right of appeal from the superior court to the appellate courts of North Carolina: "When a superior court judge, as a result of a finding of a violation of probation, activates a sentence or imposes special probation, either in the first instance or upon a de novo hearing after appeal from a district court, the defendant may appeal under G.S. 7A-27." N.C.G.S. § 15A-1347 (1978).

This remains the language in the current version of the statute. *See* N.C. Gen. Stat. § 15A-1347 (2011).

N.C. Gen. Stat. § 7A-27 was enacted by our General Assembly in 1967, the same year the Court of Appeals was created. *See State v. Henry*, 1 N.C. App. 409, 410, 161 S.E.2d 622, 622 (1968). N.C.G.S. § 7A-27(e) states: "From any other order or judgment of the superior court from which an appeal is authorized by statute, appeal lies of right directly to the Court of Appeals." N.C. Gen. Stat. § 7A-27(e) (2011). N.C.G.S. § 7A-27(b) states in relevant part: "From any final judgment of a superior court . . . appeal lies of right to the Court of Appeals." N.C.G.S. § 7A-27(b).

Our Supreme Court heard appeals from the activation of suspended sentences well before a statute specifically allowing for appeal had been enacted. *See, e.g., State v. Pelley*, 221 N.C. 487, 20 S.E.2d 850 (1942); *State v. Smith*, 196 N.C. 438, 146 S.E. 73 (1929); *State v. Tripp*, 168 N.C. 150, 83 S.E. 630 (1914). In *Tripp*, the defendant argued three issues on appeal after his suspended sentence had been activated:

> 1. That defendant was entitled to a hearing *de novo*, as to the original issue of guilt or innocence.
>
> 2. That the judge should hear evidence on the questions presented to the recorder's court at time sentence was imposed as to the behavior of defendant, and pass upon same.
>
> 3 That the Legislature could not confer upon the recorder's court jurisdiction of the offense.

*Id.* at 152, 83 S.E. at 631. Our Supreme Court, in addressing the issue of whether the recorder's court (acting something like the district court today) had jurisdiction to impose, and then suspend, the original sentence, held that it did. *Id.* at 150, 83 S.E. at 633. It also held that the superior court correctly dismissed the defendant's attempted appeal on the bases that the superior court did not have jurisdiction to hear the matter *de novo* on the defendant's original guilt or innocence, or to hear the matter as to whether the recorder's court was correct in activating the suspended sentence. *Id.* at 156, 83 S.E. at 632-33. This was because no right of appeal had "been provided by the statute, and there [was] nothing in the record to challenge the validity or propriety of the sentence[.]" *Id.* at 154, 83 S.E. at 632. For these reasons, the superior court order dismissing the defendant's appeal from the recorder's court was affirmed. *Id.* at 156, 83 S.E. at 633. It is important to note that our Supreme Court in *Tripp* heard and decided the defendant's collateral attack on the

jurisdiction of the trial court to impose sentence in the first instance. This is one of the same jurisdictional issues involved in the present case.

As discussed above, N.C.G.S. § 15A-1347 places no specific limitations on a defendant's right to appeal from a final judgment activating a previously suspended sentence. *State v. Cloer*, 197 N.C. App. 716, 719, 678 S.E.2d 399, 401-02 (2009). However, other case law pre-dating the 1977 adoption of N.C.G.S. § 15A-1347 purports to place certain limitations on what may be appealed following a probation revocation hearing. Our Supreme Court appears to have first imposed limitations on appeal from the activation of sentence following an alleged violation of a condition of the suspension of that sentence in *State v. Miller*, 225 N.C. 213, 34 S.E.2d 143 (1945), which stated:

> [An] order suspending the imposition or execution of sentence on condition is favorable to the defendant in that it postpones punishment and gives him an opportunity to escape it altogether. When he sits by as the order is entered and does not then appeal, he impliedly consents and thereby waives or abandons his right to appeal on the principal issue of his guilt or innocence and commits himself to abide by the stipulated conditions. He may not be heard thereafter to complain that his conviction was not in accord with due process of law.
>
> He is relegated to his right to contest the imposition of judgment or the execution of sentence, as the case may be, for that there is no evidence to support a finding that the conditions imposed have been breached, *S. v. Johnson*, 169 N.C., 311, 84 S.E., 767, or the conditions are unreasonable and unenforceable, or are for an unreasonable length of time. *S. v. Shepherd*, 187 N.C., 609, 122 S.E., 467.

*Id.* at 215-16, 34 S.E.2d at 145 (some citations omitted). *Miller* was cited by our Supreme Court in *State v. Caudle*, which held:

> A defendant, having consented, expressly or by implication, to the suspension, upon specified conditions, *of an otherwise valid sentence to imprisonment*, may not thereafter attack the validity of an order putting such sentence into effect, entered after due notice and hearing, except: (1) On the ground that there is no evidence to support a finding of a breach of the conditions of suspension; or (2) on the ground that the condition which he has broken is invalid because it is unreasonable or is imposed

for an unreasonable length of time. *State v. Cole*, 241 N.C. 576, 86 S.E.2d 203 [(1955)]; *State v. Smith*, 233 N.C. 68, 62 S.E.2d 495 [(1950)]; *State v. Miller*, 225 N.C 213, 34 S.E.2d 143 [(1945)].

*State v. Caudle*, 276 N.C. 550, 553, 173 S.E.2d 778, 781 (1970) (emphasis added).

Our Supreme Court has, however, addressed issues not specifically permitted by *Miller* and *Caudle* (hereinafter *Caudle* issues) on appeals from revocation of probation both before and after *Miller* and *Caudle* were filed. For example, before *Miller*, our Supreme Court addressed: whether a defendant's probationary sentence was tolled while the defendant was a fugitive, and whether the original judgment in the case was in the alternative, or included both a fine and other conditions of probation, *Pelley*, 221 N.C. 487, 496-97, 20 S.E.2d 850, 856; and whether the underlying indictment was fatally defective, *State v. Ray*, 212 N.C. 748, 750, 194 S.E.2d 472, 474 (1938); *Tripp*, 168 N.C. at 150, 83 S.E. at 633.

Following *Caudle*, our Supreme Court addressed appeals from revocation of probation concerning: whether the trial court lacked jurisdiction to hold revocation hearing in a certain county and, if not, whether statute determining where probation revocation hearing could take place violated the United States Constitution, *State v. Braswell*, 283 N.C. 332, 335, 196 S.E.2d 185, 186-87 (1973); the amount of credit for time served applied after probation has been revoked, *State v. Farris*, 336 N.C. 552, 553, 444 S.E.2d 182, 183 (1994); whether N.C. Gen. Stat. § 15A–1347 vested jurisdiction for appeal from district court probation revocation in superior court or Court of Appeals, *State v. Hooper*, 358 N.C. 122, 122-24, 591 S.E.2d 514, 514-16 (2004); and whether the trial court had jurisdiction to revoke probation after the probationary period had ended, *State v. Bryant*, 361 N.C. 100, 105, 637 S.E.2d 532, 536 (2006) ("we can reach no conclusion other than that the trial court lacked subject matter jurisdiction to revoke defendant's probation due to its failure and inability to make the statutorily mandated finding of fact").

This Court has also addressed on many occasions issues not specifically covered by *Miller* or *Caudle*, see, e.g.: whether the trial court lacked jurisdiction to amend its order after notice of appeal had been filed with this Court and whether the trial court erred by denying the defendant's request to continue, *State v. Dixon*, 139 N.C. App. 332, 337, 533 S.E.2d 297, 301 (2000); whether jurisdiction lay in superior court or Court of Appeals, whether the defendant should have received credit for time served, and whether it was proper for the trial court to consolidate

the defendant's sentences when activating defendant's sentences, *State v. Hooper*, 158 N.C. App. 654, 656, 658-59, 582 S.E.2d 331, 332-34 (2003), *vacated*, 358 N.C. 122, 591 S.E.2d 514 (2004) (holding jurisdiction lay with superior court, not the Court of Appeals); whether the trial court abdicated its duty to exercise its discretion by allowing the victim to determine whether defendant's probation should be revoked, *State v. Arnold*, 169 N.C. App. 438, 441, 610 S.E.2d 396, 398 (2005); whether the trial court lacked jurisdiction to activate a suspended sentence in a violation hearing held after probation had ended, *State v. Reinhardt*, 183 N.C. App. 291, 292, 644 S.E.2d 26, 27 (2007); whether, after the trial court had elected to modify the defendant's probation, the trial court had jurisdiction to revoke probation for violations that occurred prior to the modification, and whether defendant was advised of the conditions of his probation, *State v. Bridges*, 189 N.C. App. 524, 526, 658 S.E.2d 527, 528 (2008); whether the court lacked jurisdiction after the probationary period had ended, *State v. Satanek*, 190 N.C. App. 653, 656, 660 S.E.2d 623, 625 (2008) ("Defendant's sole argument on appeal is that the trial court lacked subject matter jurisdiction to revoke his probation."); and whether the defendant had proper notice of the probation hearing pursuant to N.C.G.S. § 15A–1345(e), *State v. Hubbard*, 198 N.C. App. 154, 157-58, 678 S.E.2d 390, 393 (2009).

The above list of citations to opinions of our appellate courts that have decided non-*Caudle* issues in appeals from probation revocation hearings challenges the notion that *Caudle* was intended as an absolute limitation on what issues could be appealed following revocation of probation. As further example, in *State v. Neeley*, 57 N.C. App. 211, 290 S.E.2d 727, rev'd, 307 N.C. 247, 297 S.E.2d 389 (1982), this Court dismissed the defendant's appeal for the following reasons:

> Defendant first argues that there was nothing in the record of his guilty plea to show whether defendant was indigent, whether he was represented by counsel or whether he made a knowing and intelligent waiver of counsel. . . . . This case is controlled by *State v. Noles*, 12 N.C. App. 676, 184 S.E.2d 409 (1971). Here as in *Noles*, the defendant tries to attack collaterally the validity of the original judgment where his sentence was suspended, in an appeal from the revocation of that suspension. "When appealing from an order activating a suspended sentence, inquiries are permissible only to determine whether there is evidence to support a finding of a breach of the conditions of the suspension, or whether the condition which has been broken

is invalid because it is unreasonable or is imposed for an unreasonable length of time." *State v. Noles*, 12 N.C. App. at 678, 184 S.E.2d at 410 (1971); *State v. Caudle*, 276 N.C. 550, 173 S.E.2d 778 (1970).

*Id.* at 212, 290 S.E.2d at 727. Our Supreme Court reversed the opinion of this Court, stating:

Defendant's petition for discretionary review presents two questions for review by this Court. The first question to be considered concerns the resolution of a conflict between the Court of Appeals' opinion in this case and its opinion in *State v. Black*, 51 N.C. App. 687, 277 S.E.2d 584 (1981). That conflict concerns a determination of the proper procedure for raising a constitutional claim of right to counsel at a trial where the defendant received a suspended prison sentence in a case where the defendant does not challenge the sentence until the suspension is revoked and an active sentence imposed. We believe the sounder position is to follow the Black decision which allows the defendant to raise his right to counsel claim after the prison sentence has become active.

*State v. Neeley*, 307 N.C. 247, 249, 297 S.E.2d 389, 391 (1982) (citation omitted). In *Neely*, our Supreme Court held that this Court, in *State v. Black*, 51 N.C. App. 687, 277 S.E.2d 584 (1981), "correctly determined that the defendant properly appealed from the activation of his prison term and the denial of his Sixth Amendment right to counsel during his original trial." *Neely*, 307 N.C. at 249-50, 297 S.E.2d at 391.

This Court, in *State v. Mauck*, 204 N.C. App. 583, 584-85, 694 S.E.2d 481, 483 (2010), has more recently and specifically addressed the issue currently before us — whether we can decide if the trial court had jurisdiction to enter an order revoking a defendant's probation and activating his sentence. This Court addressed the defendant's argument that, because there was insufficient evidence showing that the matter was heard in the correct county, "the trial court in Buncombe County did not have jurisdiction to revoke his probation under N.C. Gen. Stat. § 15A–1344(a)." *Id.* at 585, 694 S.E.2d at 483.

The Court also addressed this issue in *State v. Hall*, 160 N.C. App. 593, 586 S.E.2d 561 (2003), holding:

Under *State v. Camp*, 299 N.C. 524, 528, 263 S.E.2d 592, 594-95 (1980), to revoke a defendant's probation after the

period of probation has expired, the trial court must find "that the State had 'made reasonable effort . . . to conduct the hearing earlier.' " (citing N.C. Gen. Stat. § 15A-1344(f)). In this case, although defendant's probation period ended on 17 May 2002, the trial court conducted a hearing on 19 August 2002-after the expiration of defendant's period of probation and suspension. Because the record shows that the trial court did not make any findings (nor is there evidence in the record to support such findings) that the State made reasonable effort to conduct the hearing earlier, we are compelled by *State v. Camp* to hold that "jurisdiction was lost by the lapse of time and the court had no power to enter a revocation judgment against defendant." *Id.* Accordingly, as in *Camp,* the judgment appealed from is arrested and defendant is discharged.

*Id.* at 593-94, 586 S.E.2d at 561 (footnotes omitted). We cited *Hall* in *State v. Bryant* when this Court held that "the trial court lacked jurisdiction to conduct the revocation hearing. The trial court's judgment that defendant violated the conditions of her probation for the conviction of obtaining property by false pretenses is arrested and the order activating her sentence is vacated." *State v. Bryant,* 176 N.C. App. 190, 625 S.E.2d 916, 2006 WL 389639 (unpublished opinion), *aff'd,* 361 N.C. 100, 636 S.E.2d 532 (2006). Our Supreme Court affirmed our decision in *Bryant,* stating:

> In *State v. Camp,* this Court considered similar issues and applied N.C.G.S. § 15A–1344(f) to the facts of that case. 299 N.C. 524, 263 S.E.2d 592 (1980). After noting the defendant appeared before the superior court approximately twenty-three times for a revocation hearing, although the hearing was always continued and a revocation hearing was never conducted, our Court held, *inter alia*: "Moreover, [the trial court] did not find, as indeed [it] could not, that the State had 'made reasonable effort . . . to conduct the hearing earlier,' " *id.* at 528, 263 S.E.2d at 595. Because the probationary period had expired and there was no requisite finding of fact by the trial court, "jurisdiction was lost by the lapse of time and the court had no power to enter a revocation judgment." Like *Camp,* the trial court in the instant case was without jurisdiction to revoke defendant's probation and to activate defendant's sentence because it failed to make findings sufficient to satisfy the requirements of the statute.

STATE v. PENNELL

[228 N.C. App. 708 (2013)]

*Bryant,* 361 N.C. at 103-04, 637 S.E.2d at 535 (some citations omitted). This Court cited Bryant in reaching the same conclusion in *Reinhardt:*

> " 'When the record shows a lack of jurisdiction in the lower court, the appropriate action on the part of the appellate court is to arrest judgment or vacate any order entered without authority.' " Applying the holdings of prior case law and the binding precedent of Bryant, the subsequent revocation of defendant's probation and activation of his suspended sentence was in error because the trial court was without jurisdiction.

*Reinhardt,* 183 N.C. App. at 294, 644 S.E.2d at 28 (citations omitted); accord *State v. Colman,* __ N.C. App. __, 722 S.E.2d 14, 2012 WL 538938 (2012) (unpublished); *State v. Black,* 197 N.C. App. 373, 677 S.E.2d 199 (2009); *State v. High,* 183 N.C. App. 443, 645 S.E.2d 394 (2007); *State v. Surratt,* 177 N.C. App. 551, 629 S.E.2d 341 (2006); *State v. Burns,* 171 N.C. App. 759, 615 S.E.2d 347 (2005).

This Court, in *Reinhardt,* explained why we should address the defendant's sole argument that the trial court lacked jurisdiction to revoke his probation, stating:

> A trial court must have subject matter jurisdiction over a case in order to act in that case. In this case, defendant did not raise the issue of subject matter jurisdiction before the trial court. However, a defendant may properly raise this issue at any time, even for the first time on appeal.

*Reinhardt,* 183 N.C. App. at 292, 644 S.E.2d at 27 (citations omitted).[2]

This Court, in unpublished opinions, has applied the above jurisdictional analysis to situations where, like in the case before us, the defendant challenged jurisdiction based upon an allegedly fatal defective indictment or information:

> Defendant . . . contends that the trial court lacked subject matter jurisdiction because the indictment was fatally defective[.] . . .

---

2. We are aware of the following footnote in *State v. Absher:* "While it is true that a defendant may challenge the jurisdiction of a trial court, such challenge may be made in the appellate division only if and when the case is properly pending before the appellate division." *State v. Absher,* 329 N.C. 264, 265 n. 1, 404 S.E.2d 848, 849 n. 1 (1991). *Absher* does not cite any authority for this proposition, and we note that our Supreme Court has addressed jurisdictional issues following probation revocation when there was no statutory right of appeal. *See, e.g., Ray,* 212 N.C. at 748, 194 S.E. at 473-74.

The State contends that Defendant's argument is an impermissible collateral attack on his underlying conviction, and that this Court's review is limited to "whether there is evidence to support a finding of a breach of the conditions of the suspension, or whether the condition which has been broken is invalid[.]" *State v. Noles*, 12 N.C. App. 676, 678, 184 S.E.2d 409, 410 (1971). . . .

However, it is well-established that the trial court does not acquire subject-matter jurisdiction when an indictment is fatally defective, and a challenge to the sufficiency of an indictment may be asserted at any time, including for the first time on appeal. . . . . Accordingly, we find that this issue is properly before this Court.

*State v. Shepard*, 199 N.C. App. 756, 687 S.E.2d 540 (2009) (unpublished opinion) (some citations omitted).

The sole issue on appeal is whether the trial court lacked jurisdiction to enter judgment upon an invalid information.

The State argues this issue is not properly before this Court because on appeal the review of an order activating a suspended sentence is limited to two areas: (1) the factual and evidentiary basis for finding that a violation occurred; and (2) the validity of the condition that was violated. However, as with any challenge to subject matter jurisdiction, a challenge to the sufficiency of an indictment cannot be waived and may be asserted at any time, including for the first time on appeal. Thus, this matter is properly before us.

*State v. Moore*, 170 N.C. App. 197, 613 S.E.2d 531, 2005 WL 1018152 (2005) (unpublished opinion) (citation omitted); *see also State v. McMurrin*, 196 N.C. App. 178, 674 S.E.2d 480 (2009) (unpublished opinion).

Most importantly, our Supreme Court has addressed a defendant's argument, in an appeal from the revocation of a suspended sentence, that the indictment for the underlying sentence was defective. *Ray*, 212 N.C. 748, 194 S.E. 472. In *Ray*, our Supreme Court rejected the defendant's argument on the basis that he had pleaded guilty to, and been sentenced on, a different offense. *Id.* at 750, 194 S.E. at 473-74 ("The defendant's motion in arrest of judgment, on account of defect in the bill of indictment for embezzlement, cannot be sustained, since he was neither tried nor sentenced under that bill nor for that offense."). It is

important to note that, in *Miller,* the first opinion in which our Supreme Court included limiting language concerning appeal from activation of a suspended sentence, *Ray* is cited. *Miller,* 225 N.C. at 215, 34 S.E.2d at 145. It would appear our Supreme Court in *Miller* did not intend to limit jurisdictional challenges.

Notwithstanding this extensive history of our appellate courts addressing issues not covered in *Caudle, Caudle* and related opinions have been cited as precedent requiring dismissal of appeals from orders revoking probation and activating sentences. Two recent opinions from this Court have dismissed appeals that have attempted to challenge the jurisdiction of the trial court to revoke probation.

In *State v. Long,* the defendant argued on appeal from revocation of his probation that the underlying indictments upon which he was convicted were fatally defective. *State v. Long,* __ N.C. App. __, __, 725 S.E.2d 71, 72, *disc. review denied,* __ N.C. __, 726 S.E.2d 836 (2012). This Court in *Long* held:

> When appealing from an order activating a suspended sentence, "inquiries are permissible only to determine [(1)] whether there is evidence to support a finding of a breach of the conditions of the suspension, or [(2)] whether the condition which has been broken is invalid because it is unreasonable or is imposed for an unreasonable length of time." *State v. Noles,* 12 N.C. App. 676, 678, 184 S.E.2d 409, 410 (1971) (citing *State v. Caudle,* 276 N.C. 550, 553, 173 S.E.2d 778, 781 (1970)). " '[W]hile it is true that a defendant may challenge the jurisdiction of a trial court, such challenge may be made in the appellate division *only if* and *when* the case is properly pending before the appellate division.' " *State v. Jamerson,* 161 N.C. App. 527, 529, 588 S.E.2d 545, 547 (2003) (emphasis added) (quoting *State v. Absher,* 329 N.C. 264, 265 n. 1, 404 S.E.2d 848, 849 n. 1 (1991) (*per curiam*)). Thus, "[a] defendant on appeal from an order revoking probation may not challenge his adjudication of guilt," as "[q]uestioning the validity of the original judgment where sentence was suspended on appeal from an order activating the sentence is . . . an impermissible collateral attack." *Noles,* 12 N.C. App. at 678, 184 S.E.2d at 410.

*Long,* __ N.C. App. at __, 725 S.E.2d at 72 (some citations omitted).

**STATE v. PENNELL**

[228 N.C. App. 708 (2013)]

Recently, in *State v. Hunnicutt*, __ N.C. App. __, __ S.E.2d __, 2013 WL 1296740 (2013), this Court relied on *Long*, holding that, on appeal from revocation of his probation, the defendant's jurisdictional challenge based upon allegedly fatally defective indictments constituted " 'an impermissible collateral attack.' *State v. Noles*, 12 N.C. App. 676, 678, 184 S.E.2d 409, 410 (1971)." *Hunnicutt*, __ N.C. App. at __, __ S.E.2d at __, 2013 WL 1296740 at *3; *see also State v. Wiggins*, __ N.C. App. __, 708 S.E.2d 215, 2011 WL 378828 (2011) (unpublished) (holding the defendant could not challenge indictment for underlying conviction on appeal from revocation of probation and activation of sentence).

*Noles* is applied in both *Long* and *Hunnicutt* in a manner inconsistent with our Supreme Court precedent. In *Noles*, the defendant challenged the revocation of his probation based upon his contention that his guilty plea for the underlying judgment was not entered understandingly and voluntarily. *Noles*, 12 N.C. App. at 678, 184 S.E.2d at 410. This Court held that the defendant should have appealed the entry of his guilty plea when judgment was entered, and that attempting to challenge his guilty plea only after probation had been revoked and sentence activated constituted "an impermissible collateral attack." *Id.* at 678, 184 S.E.2d at 410. Our Supreme Court adopted this reasoning in *State v. Holmes*, 361 N.C. 410, 412, 646 S.E.2d 353, 354 (2007). In *Holmes*,

> [t]he sole question before [the Supreme Court was] whether defendant can attack the aggravated sentences imposed and suspended in the 11 March 2004 trial court judgments based on [*Blakely v. Washington*, 542 U.S. 296, 159 L. Ed. 2d. 403 (2004)] by appealing from the 9 March 2005 trial court order revoking his probation and activating his sentences.

*Id.* at 412, 646 S.E.2d at 355. Our Supreme Court stated:

> Although this Court has not addressed this specific issue, the Court of Appeals has done so on at least two occasions. Over thirty-five years ago, in *State v. Noles*, the defendant, while appealing the revocation of his probation, challenged aspects of his original conviction. The Court of Appeals held: "Questioning the validity of the original judgment where sentence was suspended on appeal from an order activating the sentence is, we believe, an impermissible collateral attack." More recently, in *State v. Rush*, 158 N.C. App. 738, 582 S.E.2d 37 (2003), the Court of Appeals found that by failing to appeal from the original judgment

suspending her sentences, the defendant waived any challenge to that judgment and thus could not attack it in the appeal of a subsequent order activating her sentence.

*Id.* at 412-13, 646 S.E.2d at 355 (some citations omitted).

By "specific issue[,]" our Supreme Court meant a collateral attack on the underlying judgment on appeal from revocation of probation, as neither *Noles* nor *Rush* dealt with *Blakely* issues. Although our Supreme Court stated that it had never addressed "this specific issue," it did specifically *reject* the *Noles* collateral attack argument as a reason to dismiss a defendant's Sixth Amendment right to counsel argument in *Neeley*, as noted above. *Neeley*, 307 N.C. at 249, 297 S.E.2d at 391. As our Supreme Court in *Holmes* did not address *Neeley* in its analysis, we do not know how the Court distinguishes between a defendant's Sixth Amendment right to counsel argument, and a defendant's Sixth Amendment right to trial by jury argument, when applying the rule against collateral attack as enunciated in *Noles*.

Nonetheless, unlike in *Noles* and H*olmes*, the challenge in the present case, as in *Long* and *Hunnicutt*, is jurisdictional. A judgment imposed by a court without jurisdiction is void. *Stroupe v. Stroupe*, 301 N.C. 656, 661, 273 S.E.2d 434, 438 (1981).

> A void judgment is not a judgment at all, and it may always be treated as a nullity because it lacks an essential element of its formulation.
>
> In *Carter v. Rountree*, 109 N.C. 29, 32, 13 S.E. 716, 717 (1891), Chief Justice Merrimon aptly observed that
>
>> A void judgment is one that has merely semblance, without some essential element or elements, *as when the court purporting to render it has not jurisdiction.*
>>
>> A void judgment is without life or force, and the court will quash it on motion, or *ex mero motu.* Indeed, when it appears to be void, it may and will be ignored everywhere, and treated as a mere nullity.
>
> It follows, therefore, that in such instances, *collateral attack is a permissible manner of seeking relief.*

*Stroupe*, 301 N.C. at 661-62, 273 S.E.2d at 438 (some citations omitted) (final emphasis added); *see also State v. Sams*, 317 N.C. 230, 235, 345

S.E.2d 179, 182 (1986) ("An order is void *ab initio* only when it is issued by a court that does not have jurisdiction. Such an order is a nullity and may be attacked either directly or collaterally, or may simply be ignored."); *Carpenter v. Carpenter*, 244 N.C. 286, 290, 93 S.E.2d 617, 622 (1956) ("Unquestionably, when it appears on the face of the record that a court has no jurisdiction, either of the person or of the subject matter, any judgment it attempts to render is a nullity and so may be attacked by any person adversely affected thereby, at any time, collaterally or otherwise."); *see also Daniels v. Montgomery Mut. Ins. Co.*, 320 N.C. 669, 676, 360 S.E.2d 772, 777 (1987) and cases cited.

We are constrained to apply long-standing Supreme Court precedent allowing collateral attack when lack of jurisdiction is alleged, and must disregard the portions of this Court's opinions that indicate a void judgment may not be attacked collaterally. *Andrews v. Haygood*, 188 N.C. App. 244, 248, 655 S.E.2d 440, 443 (2008) (citation and quotation marks omitted) ("Moreover, this Court has no authority to overrule decisions of our Supreme Court and we have the responsibility to follow those decisions 'until otherwise ordered by . . . [our] Supreme Court.' "). Further, when an indictment is fatally defective, the actions of any court proceeding on that indictment are void for want of jurisdiction over the subject matter. *Carpenter*, 244 N.C. at 290, 93 S.E.2d at 622. In the present case, Defendant challenges the jurisdiction of the trial court to revoke probation and activate sentence based upon a void judgment. Defendant's appeal is not a collateral attack on the underlying conviction, but a direct attack on the jurisdiction of the trial court that entered the judgment and commitment upon revocation of probation.

Both our Supreme Court and this Court, in opinions pre-dating *Long* and *Hunnicutt*, have addressed issues concerning the jurisdiction of the trial court in appeals from probation revocation. *See, e.g., Ray*, 212 N.C. at 748, 194 S.E. at 473-74; *Black*, 197 N.C. App. at 379, 677 S.E.2d at 203; *High*, 183 N.C. App. at 444, 645 S.E.2d at 395; *Reinhardt*, 183 N.C. App. at 292, 644 S.E.2d at 27 ("In his sole argument on appeal, defendant contends that the trial court lacked jurisdiction to revoke his probation and activate his suspended sentence on 21 April 2005. Based upon the clear language of the statute and binding case authority, we are compelled to agree."). We are bound by precedent of our Supreme Court and, because this Court may not overrule its own opinions, we are also bound by the earlier opinions of this Court that conflict with *Long* and *Hunnicutt*. *Boyd v. Robeson Cty.*, 169 N.C. App. 460, 470, 621 S.E.2d 1, 7 (2005); *In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989). We hold that Defendant may, on appeal from revocation

of probation, attack the jurisdiction of the trial court, either directly or collaterally.

A closer look at *Caudle*, and cases upon which it relies, supports this holding. First, the relevant language in *Caudle*, when read in full, only applies when the underlying sentence is "otherwise valid."

> A defendant, having consented, expressly or by implication, to the suspension, upon specified conditions, *of an otherwise valid sentence to imprisonment*, may not thereafter attack the validity of an order putting such sentence into effect, entered after due notice and hearing, except: (1) On the ground that there is no evidence to support a finding of a breach of the conditions of suspension; or (2) on the ground that the condition which he has broken is invalid because it is unreasonable or is imposed for an unreasonable length of time.

*Caudle*, 276 N.C. at 553, 173 S.E.2d at 781 (emphasis added). A sentence based upon a conviction supported by a fatally defective indictment is a nullity and, therefore, not a valid sentence. *McClure v. State*, 267 N.C. 212, 215, 148 S.E.2d 15, 17-18 (1966). The language in *Caudle* itself does not exclude appeal in the present case.

*Caudle* cites to *State v. Cole*, 241 N.C. 576, 86 S.E.2d 203 (1955); *State v. Smith*, 233 N.C. 68, 62 S.E.2d 495 (1950); and *Miller*, 225 N.C 213, 34 S.E.2d 143 in support of this proposition. *Cole* cites *Smith* and *Miller*. *Cole*, 241 N.C. at 582, 86 S.E.2d at 207. *Smith* cites *Miller*; *State v. Shepherd*, 187 N.C. 609, 122 S.E. 467 (1924); and *State v. Johnson*, 169 N.C. 311, 84 S.E. 767 (1915). *Smith*, 233 N.C. at 70, 62 S.E.2d at 496. *Miller* cites *Shepherd* and *Johnson*, stating:

> When [a defendant] sits by as the order [suspending sentence and imposing conditions of probation] is entered and does not then appeal, he impliedly consents and thereby waives or abandons his right to appeal on the principal issue of his guilt or innocence and commits himself to abide by the stipulated conditions. He may not be heard thereafter to complain that his conviction was not in accord with due process of law. He is relegated to his right to contest the imposition of judgment or the execution of sentence, as the case may be, for that there is no evidence to support a finding that the conditions imposed have been breached, *State v. Johnson*, 169 N.C. 311, 84 S.E. 767, or the conditions are unreasonable and unenforceable, or are

for an unreasonable length of time. *State v. Shepherd,* 187 N.C. 609, 122 S.E. 467.

*Miller,* 225 N.C. at 215-16, 34 S.E.2d at 145 (some citations omitted). In *Johnson,* the defendant "pleaded guilty to three bills of indictment charging her with retailing, and prayer for judgment was continued on condition of good behavior, and so ordered to be further continued from term to term for three years." *Johnson,* 169 N.C. at 311, 84 S.E. at 768. Upon a finding "that the defendant had been engaged in maintaining a bawdy-house in the town of Kinston[,]" the trial court activated the sentence. *Id.* Our Supreme Court affirmed the order, rejecting the defendant's argument that operating a "bawdy-house" could not support activation of her sentence because it was not the same behavior that led to the underlying judgment. *Id.*

In *Shepherd,* it was "the position of the defendant that the first condition of the suspended judgment, requiring him 'to abstain personally, entirely, from the use of intoxicating liquors,' [was] unreasonable and hence he should not [have been] held to answer for its violation." *Shepherd,* 187 N.C. at 611, 122 S.E. at 467. Our Supreme Court simply held that this condition was not unreasonable, as it was a specific, definite, and integral term of the agreement originally allowing the sentence to be suspended. *Id.* Neither *Johnson* nor *Shepherd* limit right of appeal from a probation revocation in any way.

Though, as discussed above, we do not believe we need to apply a *Caudle* analysis when addressing a jurisdictional claim on appeal from revocation of probation, a *Caudle* analysis, when applied, counsels addressing the merits of a jurisdictional argument. Appeal from revocation of probation is appropriate under *Caudle* and similar opinions when "(1) there is no evidence to support a finding that the conditions imposed have been breached, or (2) the conditions are unreasonable and unenforceable or for an unreasonable length of time." *State v. Smith,* 233 N.C. 68, 70, 62 S.E.2d 495, 496 (1950) (citations omitted). First, when the conditions imposed are void, common sense dictates that there cannot be evidence to support a finding that they have been breached. Second, void conditions are unenforceable and when conditions have been imposed for a sentence that is a nullity, they are also unreasonable. *See State v. Culp,* 30 N.C. App. 398, 400, 226 S.E.2d 841, 842 (1976) ("The special condition [of probation] . . . was beyond the power of the court to inflict and is void[.]"). If a condition of probation that is beyond the power of the trial court to impose is void, then, in the opinion of this Court, the reverse is true: a void condition is beyond the power of the trial court to impose. Finally, void conditions, imposed pursuant to a

void judgment, must necessarily be for an unreasonable length of time, no matter the duration.

Though the language of N.C.G.S. § 15A-1347 would seem to have expanded the right of appeal from revocation of probation, and thus superseded the framework and limitations articulated in *Miller* and *Caudle*, review of North Carolina appellate opinions suggests the enactment of N.C.G.S. § 15A-1347 did not alter the manner in which the appellate courts of this State address appeals from revocations of probation.

We hold that N.C.G.S. § 15A-1347, and the greater weight of the precedent of our Supreme Court, allow appeal from revocation of probation to be based solely upon a challenge, either direct or collateral, to the trial court's jurisdiction. The contradictions exhibited in the current law regarding appeal from revocation of probation are best addressed by either our Supreme Court or the General Assembly. Even if we assume, *arguendo*, that Defendant had no right to directly challenge jurisdiction in this appeal, we hold that, because there can exist no evidence to support violation of conditions of a probation that does not legally exist, and because any sentence imposed on a void judgment is unreasonable, *Miller, Caudle,* and related opinions do not serve to prevent Defendant's appeal in this case.

## III.

Defendant also argues that the underlying indictment for his conviction of larceny after breaking or entering in 09 CRS 53255 was fatally defective. The " 'essential elements of larceny are that [the] defendant (1) took the property of another; (2) carried it away; (3) without the owner's consent; and (4) with the intent to permanently deprive the owner of the property.' " *State v. Justice*, __ N.C. App. __, __, 723 S.E.2d 798, 801 (2012) (citation omitted). In *State v. Ingram*, 271 N.C. 538, 157 S.E.2d 119 (1967), our Supreme Court held, concerning the description of property:

> " 'The description in an indictment must be in the common and ordinary acceptation of property and with certainty sufficient to enable the jury to say that the article proved to be stolen is the same, and to enable the court to see that it is the subject of larceny and also to protect the defendant by pleading *autre fois convict* or *autre fois acquit* in the event of future prosecution for the offense, so that there may be no doubt of its identity; and the evidence must substantially correspond with the description in the indictment. ... The description must still be in a plain and

> intelligible manner and must correspond to the different forms of existence in which the same article is found. In its raw or unmanufactured state it may be described by its ordinary name, but if it be worked up into some other forms, etc., when stolen, it must be described by the name by which it is generally known.' "

*Id.* at 542, 157 S.E.2d at 122-23 (citation omitted). *Ingram* goes on to say:

> The proof offered by the State showed that the personal property alleged to have been stolen and carried away consisted of eleven rings with a total value of approximately $878.00. The description of this property by the general and broadly comprehensive words, 'merchandise, chattels, money, valuable securities and other personal property' is not sufficient. The property was not described in the name generally applied to it in the trade, and in common language. Nor was the description sufficient to enable the jury to say that the article proved to be stolen is the same, or such that the defendant could avail himself of his conviction or acquittal as a bar to subsequent prosecutions for the same offense.

*Id.* at 543, 157 S.E.2d at 123-24. *See also Justice,* __ N.C. App. at __, 723 S.E.2d at 801 ("As in *Ingram,* the description 'merchandise' is too general to identify the property allegedly taken by [d]efendant. As such, the indictment is fatally defective, and deprives the superior court of subject matter jurisdiction over the case.").

In the case before us, Defendant was convicted of larceny based upon the following indictment in count II of 09 CRS 53255:

> And the jurors for the State upon their oath present that on or about the date of offense shown and in the county named above the defendant named above unlawfully, willfully, and feloniously did steal, take, and carry away various items of merchandise, the personal property of Computer Shop of Statesville, Inc., DBA Haven Skate Shop, having a value of more than $1,000.00 dollars, pursuant to the commission of the felonious breaking and entering described in count I above.

The term "merchandise" in the indictment in the present case does not describe the property alleged to have been taken any better than did the term "merchandise" in *Ingram* or *Justice*. The allegations that the

"merchandise" had a value of over $1,000.00, and that the "merchandise" was taken during a breaking or entering do not serve to clarify what was taken from Computer Shop of Statesville, Inc., DBA Haven Skate Shop, which may have sold computers, skates, skateboards, or other unknown items. This is in contrast to the indictment in 10 CRS 57417 in which Defendant was alleged to have taken "12 violins, 3 cellos, a viola, a USB flashdrive, an IBM laptop computer, a surround sound system, a classroom skeleton and weather ball, the personal property of Iredell/Statesville School System, such property having a value of $28,335 dollars[.]"

The indictment in count II of 09 CRS 53255 was fatally defective and, therefore, the trial court never obtained subject matter jurisdiction over that charge. *Justice,* __ N.C. App. at __, 723 S.E.2d at 801. Defendant's conviction for larceny, and the sentence, based upon the indictment in 09 CRS 53255, were a nullity. *McClure,* 267 N.C. at 215, 148 S.E.2d at 17-18 (holding that absent a valid indictment, any "trial or conviction are a nullity"). The trial court, having no jurisdiction to convict or sentence Defendant for this larceny charge, was equally without jurisdiction to revoke probation on a conviction that did not legally exist, or to activate a sentence never legally imposed. Because the trial court lacked jurisdiction to activate any sentence imposed pursuant to count II of the indictment in 09 CRS 53255, activation of that sentence is also a nullity. We vacate all actions of the trial court based upon count II of the indictment in 09 CRS 53255, and arrest the 5 June 2012 "Judgment and Commitment upon Revocation of Probation – Felony" for the 09 CRS 53255 larceny after breaking or entering.

IV.

**[3]** It is also clear that the trial court could not activate a sentence that Defendant had already served. Defendant had already served the active sentence imposed for larceny after breaking or entering in 10 CRS 57417 at the time the trial court erroneously entered judgment and commitment upon revocation of probation on that same charge on 5 June 2012.

Defendant states in his brief, and we agree, that:

> It is clear from the record the [the trial court] intended to revoke [Defendant's] probation for 10 CRS 57417 (breaking and entering), not 10 CRS 57417 (larceny after breaking and entering). The judgment and commitment upon revocation of probation for 10 CRS 57417 (larceny after breaking and entering) was the result of clerical error and must be vacated.

Defendant asks this Court to vacate that judgment and remand "to the trial court to correct clerical mistakes in the judgments."

We remand the judgment and commitment in 10 CRS 57417 for the trial court to correct its clerical error and make the judgment reflect that Defendant's probation in 10 CRS 57417 was revoked on the first count, breaking or entering. *See State v. Jarman*, 140 N.C. App. 198, 202-03, 535 S.E.2d 875, 878-79 (2000).

Defendant does not challenge the revocation of probation and activation of the sentences for his other convictions, and those are affirmed.

Affirmed in part; vacated and remanded in part; judgment arrested in 09 CRS 53255, larceny after breaking or entering.

Judge DAVIS concurs.

Judge GEER concurs in part and concurs in the result only in part by separate opinion

I concurred in *State v. Hunnicutt*, ___ N.C. App. ___, 740 S.E.2d 906 (2013), discussed by the majority opinion. It is, of course, well established that "[w]here a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court." *In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989). Nevertheless, if an opinion of a panel is clearly inconsistent with earlier opinions of this Court or the Supreme Court, we are obligated to follow those earlier opinions.

I am persuaded by the majority opinion that *Hunnicutt* and *State v. Long*, ___ N.C. App. ___, 725 S.E.2d 71, *disc. review denied*, 366 N.C. 227, 726 S.E.2d 836 (2012), are inconsistent with prior opinions of the Supreme Court and this Court allowing collateral attacks on judgments that are void for lack of jurisdiction. Since, as the majority concludes, count II of the indictment in 09 CRS 53255 was fatally flawed and could not bestow jurisdiction on the trial court, the judgment imposed based on that indictment was void and subject to collateral attack. I, therefore, concur in the majority opinion's decision to vacate all actions of the trial court based upon count II of the indictment in 09 CRS 53255 and to arrest the 5 June 2012 judgment for the 09 CRS 53255 larceny after breaking and entering. I concur fully in section IV of the majority opinion.